McKENZIE *et al.* v. BOARD OF EDUCATION OF FLOYD COUNTY *et al.*

ATKINSON, J. 1. Whenever a county board of education deems it for the best interest of any school, such board has the right to provide means for the transportation of pupils and teachers to and from such school. Ga. Laws 1919, p. 327, sec. 93. Park's Code Supp. 1922, § 1437 (s). "Means for the transportation," as used in this section, contemplates the vehicles or instrumentalities of transportation, and not merely the money for such purposes.

(*a*) The trustees of a school district which has levied a local tax and has

a bonded treasurer are without power to furnish such means of transportation.

2. Under this law the county board of education can purchase trucks for such transportation and pay therefor from the public-school funds of the county derived from the State, or raised by county-wide taxation as authorized by the constitutional amendment ratified November 2, 1920. Ga. Laws 1919, p. 66. Park's Code Supp. 1922, § 6579.

3. The county board of education can make such expenditures before making the equitable distribution thereof required by the constitutional amendment which was ratified November 2, 1920. Ga. Laws 1919, p. 66. Park's Code Supp. 1922, § 6579. Such expenditures, like those for the purchase, lease, or rent of school sites, building, repairing, or renting schoolhouses, purchase of maps, globes, and school furniture, and making all arrangements necessary to the efficient operation of the schools in the county (Ga. Laws 1919, p. 323, sec. 84, Park's Code Supp. 1922, § 1437(i), precede, and do not constitute a part of, the equitable distribution required in the above-mentioned constitutional amendment.

4. Section 102 of the Code of School Laws (Ga. Laws 1919, p. 329) provides: "It shall be unlawful for any board of education to make any contract involving the expenditure of funds in excess of the total appropriation for the current fiscal year. Any indebtedness created, contract made, or order or draft issued in violation thereof shall be void." Park's Code Supp. 1922, § 1437(bb). It not being alleged in the petition, nor appearing from the evidence, that the contract involved an expenditure in excess of the total appropriation for the support of the schools in the county for the current fiscal year, it cannot be held that the contract was void as violative of the above-quoted statute.

(a) The appropriation referred to in such section does not relate to funds set aside by the board of education, but to funds received by them from all sources for the support of the public schools in the county for the current fiscal year.

(b) The fact that the county board of education has adopted a school year from October 1st of one year to October the 1st of the next year, in disregard of section 67 of the Code of School Laws (Acts 1919, p. 316, Park's Code Supp. 1922, § 1436(n)), and the failure of the county board of education to meet on the first Tuesday in January in each year and make the necessary arrangements for placing the schools in operation for the next school year, will not render such contract null and void.

5. Assignments of error that are not dealt with in the preceding notes were expressly abandoned in the briefs of the attorneys for the plaintiffs in error.

6. The above rulings make it unnecessary to determine the question whether the plaintiffs have such an interest in the subject-matter of litigation as will entitle them to file a petition to enjoin such expenditure.

7. Applying the foregoing principles, the trial judge did not err in refusing to grant an injunction as prayed.

*Judgment affirmed. All the Justices concur.*

No. 3949. SEPTEMBER 30, 1924.

Petition for injunction. Before Judge Wright. Floyd superior court. August 6, 1923.

*Willingham, Wright & Covington,* for plaintiffs.

*John Camp Davis, Maddox, Lipscomb & Matthews,* and *L. A. Dean,* for defendants.