BRINSON *et al.*, trustees, *v.* JACKSON *et al.*

HINES, J. 1. By the constitution of this State the common schools, the expense of which is provided for by taxation or otherwise, "shall be free to all the children of the State." Civil Code (1910), § 6576; Acts 1911, p. 46; Park's Code, § 6576; Civil Code (1910), § 1509; Code of School Laws, Acts 1919, pp. 288, 331; *Claxton* v. *Stanford*, 160 *Ga.* 752 (128 S. E. 887). The State system of education provided for in the above provision of the constitution embraces high schools operated by funds whether derived from taxation or otherwise; and no matriculation fee can be charged for children within the school age.

2. A consolidated public school or high school established and maintained in a consolidated school district in part by the funds provided by the act of August 18, 1919 (Acts 1919, p. 287), is a common school of this State, admission to which must be free. The trustees by accepting the benefits of such funds are estopped from denying that this school is subject to the above constitutional provision making the common schools free to the children of the State, residing in the district. *Wilson* v. *Stanford*, 133 *Ga.* 483 (66 S. E. 258) ; *Claxton* v. *Stanford*, supra.

3. The act of August 24, 1925 (Acts 1925, p. 87), which provides, among other things, that the trustees of school districts which levy a tax for educational purposes "shall make all rules and regulations to govern the schools of the districts," that "they shall have the right and power to use the schoolhouses and school properties in the district or permit the same to be used for educational purposes, provided the use of the schoolhouses and school properties in no way conflicts with the public school or schools in the district," and that "they shall have the right to fix the rate of tuition for nonresident pupils," does not authorize such trustees to charge matriculation fees for resident students attending any school receiving State aid; nor does the power conferred upon the county boards of education to define and regulate the public-school terms of the respective counties, under section 84 of the Code of School Laws (Acts 1919, pp. 288, 323), and the fixing of such terms for shorter periods than the schools are actually operated, authorize such trustees to charge matriculation fees.

4. The remedy by mandamus to compel the trustees to permit children to attend this school free is not as adequate, complete, and full, under the facts of this case, as the injunctive relief which a court of equity can grant.

5. Applying the above rulings, the court did not err in overruling the demurrer to the petition, and in granting the injunction prayed for.

*Judgment affirmed. All the Justices concur.*

No. 6928. APRIL 10, 1929.

356

*Claxton & Cook, W. C. Brinson,* and *J. L. Kent,* for plaintiffs in error.

*S. P. New, E. L. Stephens,* and *T. E. Hightower,* contra.