FITZPATRICK *et al. v.* JOHNSON *et al.*

No. 8734. APRIL 16, 1932.

*E. P. & J. Cecil Davis,* for plaintiffs in error.
*M. L. Felts,* contra.

HINES, J.   The Wares School District and the Jewell School District of Warren County were by order of the board of education of that county consolidated into the Jewell Consolidated School District.   Trustees for said consolidated district were duly elected and commissioned, and are serving as such.   The only schoolhouse located in this consolidated district is one located in the territory, formerly embraced in the Wares School District.   This schoolhouse is a one-story two-room building, located about 6 miles from Jewell, and is not in the center of the consolidated district, being within 2-1/2 miles of the side of the district opposite Jewell.   The board of education of Warren County has made provision for the transportation of about two thirds of the children of the Jewell Consolidated School District to the school in the Mayfield Consolidated School District in Hancock County.   Said board of education is paying for the transportation of said children to said Mayfield school from the funds in its hands appropriated to the Jewell Consolidated School District, and is paying out of the funds in its hands to the school authorities of Hancock County for their tuition. The trustees of the Jewell Consolidated School District agreed to this arrangement.

In the year 1931 the Mayfield school opened on September 1. The school at Wares was not then open, and did not open until September 28, 1931; and no provision was made for the education of approximately one third of the children of the Jewell Consolidated School District between September 1 and September 28, 1931.   From the vicinity of the Wares school all high-school pupils above the seventh grade have, with the consent of the trustees of said district, been transported to the high school at Warrenton since August 31, 1931.   One school bus is operated to Mayfield, and it carried in 1930 an average daily load of 55 children, and at times as many as 73.   The foregoing arrangement has been followed for three years by the board of education of Warren County and the trustees of said consolidated school district.   The trustees of said consolidated district and the board of education of said county arranged for a bus to transport the remaining children of the district who are not attending the Mayfield school to the Wares school, commencing September 28, when that school opened, and two teachers have been employed by said trustees to teach in that school. The average number of pupils taught at Wares school during 1930-31 was 36, and at times there were as many as 49.

748

The board of education of Warren County is paying the board of education of Hancock County $75 per month for teaching the children so transported from the Jewell Consolidated School District to the Mayfield school. The school at Mayfield was nearer and more accessible to the children attending that school from Warren County. J. L. and S. H. Johnson, as residents of the Jewell Consolidated School District, filed their petition against the board of education of Warren County and the trustees of the Jewell Consolidated School District, to enjoin them from using any of the school funds of that district in paying for the transportation of children from the Jewell Consolidated School District to the school at Mayfield, and from paying to the board of education of Hancock County any of said funds for teaching these children. The trial judge temporarily enjoined the board of education of Warren County and the trustees of the Jewell Consolidated School District from transporting these school children to and from the Mayfield school in Hancock County, and from paying for the same out of the county school funds of Warren County; to which judgment the defendants except in the present bill of exceptions upon the ground that it is contrary to law. The trial judge did not restrain the defendants from permitting the school children of the Jewell Consolidated School District, who come within the terms of section 1437(kk) of 8 Park's Code, to attend the Mayfield school in Hancock County, and from reimbursing the county school superintendent of that county out of the school funds of Warren County the proportionate amount paid by him for the maintenance of said school in the ratio which school children from Jewell Consolidated School District attending the Mayfield school bear to the whole attendance of the latter school. The only question dealt with in the briefs of counsel for the parties was whether the judge erred in enjoining the defendant from applying any of the funds of the Jewell Consolidated School District in payment for transporting the children of that district to and from the Mayfield Consolidated School in Hancock County. We shall confine ourselves to the consideration of this question alone; and treat other assignments of error as abandoned.

A survey of the various statutes providing for the transportation of pupils to and from public schools in the counties and paying for such transportation out of the school funds will throw light

on the question which is for decision in this case. By the act of August 21, 1911 (Acts 1911, pp. 94, 104; 1 Park's Code, § 1565(u)), the board of education of any county was authorized, if in their opinion the welfare of the schools of the county and the best interests of the pupils required it, to consolidate two or more schools located and placed conveniently to the pupils attending the same; and the schoolhouse of such consolidated district was to be located as near the center of the district involved as practicable. By the same act the right was conferred upon the county board of education, when it deemed it for the best interests of the school, to provide means for the transportation of pupils to and from said school, if no school was established in three miles of the pupils to be transported; provided that said act should apply to a school or schools only where two or more districts had been consolidated, and to such other schools as were then furnished transportation. Acts 1911, pp. 94, 105; 1 Park's Code, § 1565(x). Under these provisions the right to transport pupils and to pay therefor from the public school funds was applicable alone to a consolidated school or schools in a given county created under said act, and to such schools as were then furnishing transportation. So under this act the county board of education would not be authorized to pay from the school funds for the transportation of school children from one county to a consolidated school in another county. The provisions of the act of 1911 for the consolidation of two or more school districts were carried forward into the code of school laws adopted in 1919. Acts 1919, pp. 288, 326; 8 Park's Code, § 1437(o). By the code of school laws of 1919 it is provided: "Whenever the county board of education deems it for the best interest of the school, they shall have the right to provide means for the transportation of the pupils and teachers to and from such school." Acts 1919, pp. 288, 327; 8 Park's Code, § 1437(s). It will be noted that the reference in the above section is to "the school." To what school is reference thereby made? The section preceding the section providing for the transportation of pupils and teachers is section 92 of the code of school laws. By that section the board of education has the right to consolidate two or more districts, or parts of districts, or to add any part of one district to any other district, or to change the line or lines of any district, at any time when in their judgment the best interest of the

school requires such change, into one school district. So it seems to us that the above reference in section 93 of the code of school laws necessarily refers to a consolidated school authorized under section 92 of that code. So the county board of education, under section 93 of the code of school laws, is authorized to provide transportation for pupils and teachers to and from a consolidated school district in a given county only when such consolidation is made under section 92 of such code. This being so, the board of education of a county is not authorized to pay for the transportation of pupils and teachers of one county to a consolidated school in another county.

But this case comes under other provisions of the laws of this State. Formerly, when a common school was located near a county line, children from an adjoining county might, by the consent of the county board of education of the respective counties, be permitted to attend the school. Code of 1895, § 1378. By an act of the legislature passed in 1903, that section of the Political Code of 1895 was so amended as to provide, that, "when a common school is located near a county line, children from an adjoining county *shall* be permitted to attend the school." Acts 1903, p. 33. The law upon this subject is now found in section 111 of the code of school laws. Acts 1919, pp. 288, 331; 8 Park's Code, § 1437(kk). Under said law, "when a common school is located near a county line, children from an adjoining county shall be permitted to attend" such school, if they reside nearer to such school, or said school is more accessible to their residence than any public school in the county of their residence. Under the above law, arrangement for their attendance is under the authority and direction of the superintendents of the respective county boards of education, and "provision shall be made for such children just as for others." Under the above section of the code of school laws, children residing in the Jewell Consolidated School District and nearer to the Mayfield consolidated school than to any school in the district of their residence in Warren County had just as much right to attend the Mayfield school as children living in the Mayfield Consolidated School District in Hancock County; and under the last provision of said section of the code of school laws, it was competent for the board of education of Warren County, the superintendent of schools of that county, and the trustees of the Jewell Consolidated School

District to provide for the transportation of such children in that district to and from the Mayfield school, and to pay for such transportation out of the school funds applicable to the Jewell Consolidated School District. These school officials of Warren County would have just as much authority to provide for the transportation of these children to and from the Mayfield school in Hancock County as they would have to arrange for the transportation of children to and from a consolidated school in Warren County.

In *McKenzie* v. *Board of Education*, 158 *Ga.* 892 (124 S. E. 721), there is nothing to the contrary of what we hold in this case. At the time that decision was rendered the trustees of a school district could not furnish transportation for school children to and from school; but this could only be done by the board of education under section 93 of the code of school laws. This section was so amended by the act of August 20, 1927 (Acts 1927, p. 174), as to confer upon local district trustees the right to furnish such transportation and pay for the same out of the proper school funds. In *Douglas* v. *Board of Education*, 164 *Ga.* 271 (138 S. E. 226), the court was dealing with the refusal of the county board of education to furnish transportation and pay therefor from the school funds. It was not dealing with the furnishing of such transportation and the payment therefor from such funds. In that case it was simply ruled that the refusal to furnish transportation was not an abuse of the discretion vested in the county board of education to furnish or not to furnish such transportation. That decision is not authority for the proposition that the county board of education could not furnish such transportation if they had deemed it best for the interests of the school. So we are of the opinion that the trial judge erred in enjoining the defendants from furnishing transportation to the children who resided in Warren County and were properly attending the county-line school in Hancock County.

*Judgment reversed. All the Justices concur.*