McRAE, commissioner, *v.* GRACE *et al.*

No. 10319.   DECEMBER 12, 1934.

*G. L. Hattaway,* for plaintiff in error.
*W. S. Mann* and *W. S. Mann Jr.,* contra.

HUTCHESON, J.   W. A. Grace and O. N. Thorp brought a petition for mandamus against J. A. McRae as commissioner of roads and revenues of Wheeler County, seeking to require him to make a levy of taxes for support of Scotland Consolidated School District.   According to the agreed statement of facts, presented to the judge without intervention of a jury, "the controlling question in the case was whether or not the Board of Education of Wheeler County, after the Scotland School District had been consolidated as provided by law by the concurrent action of the Board of Education of Wheeler County and that of the Board of Education of Telfair County, could, without the consent of the Board of Education of Telfair County, withdraw the territory of Wheeler County included in the Scotland School District."   The court answered the question in the negative, and granted the mandamus.   The defendant excepted.

The question of law for determination by this court is whether a county can withdraw its territory and support from a consolidated school district composed of territory in two counties, after such consolidated district has been legally established.   There is no question that a consolidated school district may be so created as to embrace territory in two different counties.   "By concurrent consent and action, boards of education of two or more adjoining counties may lay off and define school districts without regard to county lines; provided, that the board of education of the county in which

the schoolhouse is located shall have supervision of same; and provided, that the ordinary of the county in which the schoolhouse is located shall order the election; and provided, that the tax-collector of each county from which territory has been cut shall collect the school tax levied by the trustees of the school district thus formed in the territory cut from his county and shall pay the same, when collected, to the authorized officer of the board." Ga. L. 1919, pp. 288, 334, 8 Park's Code Supp. 1922, § 1438(b). It seems to be a fact that the school buildings are located in Telfair County, and therefore that the board of that county had supervision of them; and it was the duty of the authorities in Telfair County to fix and assess the taxation necessary for school purposes and submit the same to the proper authorities in Wheeler County. "As in the case of the power to create and alter school districts and other local organizations, the power to abolish districts has in many jurisdictions been delegated by the legislature to designated officers, boards, or other subordinate agencies. Such agencies have such powers only as are given them by statute; so their authority must be found in the statute, and where it has not been conferred it does not exist. A board without power directly to abolish or destroy a district can not be permitted to accomplish the same result indirectly. Under a statute authorizing the dissolution of a district and the attachment of its territory to an adjoining district or districts, a district can not be dissolved without at the same time attaching its territory to another district or other districts. . . Power merely to change or alter districts or their boundaries, however, has been held not to authorize the dissolution or abolition of a district." 56 C. J. 263, § 99.

So it may well be said that the statutory power to alter or change a school district does not amount to authority for an entire dissolution of such district. And it has been held in numerous jurisdictions that a school district may be dissolved only by such method or procedure as may be prescribed by statute. We have made rather an exhaustive search of cases in other jurisdictions upon this subject, but will refer to only one or two. "A school district lawfully organized is a public corporation, and remains such until disorganized in some manner recognized by law." Again, "Held, on mandamus, that where upon the creation of a new county the territory embraced within a school district for many years existent in

874

one of the two old counties, out of which the new one was created, was cut in two, causing it to lie partly in the new county and partly in the old, and the county commissioners charged with the duty of dividing the new county into school districts did not properly perform it but left the boundaries of the district in question as they were before the creation of the new county, the district ipso facto became a joint one; and therefore refusal of the county treasurer of the old county in which a portion of the district lay, to transmit to the treasurer of the new county the funds collected by him as taxes upon the property within that portion for school purposes, was wrongful." State *v.* Urton, 76 Mont. 458. "Under the statute providing that where a school district organized out of territory from two counties is established, it shall be regarded and treated in all respects as a district of the county by whose commissioner's court it is established, it can only be changed by the commissioner's court of such latter county, with a consent of a majority of the legal voters of the districts affected by such change, and the commissioner's court of the other county has no such authority." Lytle School Dist. *v.* Haas, 24 Texas Civ. App. 433. In view of these authorities, and the statutes of our own State, a consolidated school district, when once legally authorized and effected, can not be abolished except and unless the way be shown to do so according to statute. The court was correct in his order making the mandamus absolute.

*Judgment affirmed. All the Justices concur.*