KEEVER *et al.*, trustees, *v.* BOARD OF EDUCATION OF GWINNETT COUNTY *et al.*

No. 12767. JUNE 14, 1939.

*Pemberton Cooley,* for plaintiffs.
*Marvin A. Allison,* for defendants.

DUCKWORTH, Justice. D. H. Keever, J. E. Lee, S. B. Payne, and J. H. Lanford, as trustees of Braden school district in Gwinnett County, brought suit against the Board of Education of Gwinnett County, composed of Heard Summerour, J. A. Alford, J. E. Johnson, A. W. Tucker, and J. G. Hood, and the trustees of Lilburn school district in Gwinnett County, J. E. Sheaffer, J. E. Pickens,

W. J. Bryan, E. C. Johnson, J. A. Hopkins, Otis Goza, and Cleo Martin, alleging the following facts: ' Braden school district was established in accordance with law relating to the creation of public-school districts, and has been operating as such under the supervision of the county board of education. It is a local-tax district. The county board of education owns certain school buses, and by contract with the Lilburn school district is permitting the district to use buses on the basis of ten cents per mile until they are paid for, at which time they will become the property of the Lilburn district. The board of education is permitting the operation of said buses by the Lilburn district through Braden school district, thereby enticing children living in the Braden district into the Lilburn district where they are being taught in the schools of that district, which is being paid for out of public funds by the county board of education, and thereby giving to the Lilburn district funds that belong to the Braden district, thus breaking down and destroying the Braden district. A portion of the Braden district is inaccessible to buses, thus making it necessary that the children of the inaccessible portion of the Braden district attend school in that district; but unless the transportation of other children from the district is stopped, the school can not be maintained, and such children will be deprived of an education. The prayer was for an injunction.

The defendants filed a demurrer on the following grounds: (1) No cause of action is alleged. (2) There is no equity in the petition. (3) No acts of omission or commission by the defendants are alleged which will entitle petitioners to the relief sought. (4) There are no allegations showing legal or equitable grounds for injunction. (5) The matters complained of are by law vested in the sound discretion of the county board of education, and for the court to enjoin the members of the board would amount to usurpation by the court of the judgment and discretion of the board. The demurrer was sustained, and the plaintiffs excepted.

■ Each county of the State is by law made a school district, and the management and control of the schools of the county is confided in the county board of education. Code, §§ 32-404, 32-901. The county board of education is the tribunal for hearing and determining all matters of local controversy in reference to the construction and administration of the school law; but an appeal from

the decisions of the board may be had to the State school superintendent. § 32-910. While each county is subdivided into school districts, and the law encourages individual action and local effort by such subdivisions, it expressly provides that the general school laws as administered by the county boards of education must be observed. § 32-1126. It thus appears that the operation and management of the schools of the county is vested in the county board of education, and that the trustees of the local districts are amenable to the county boards of education.

■ The subdivisions of the county known as local school districts are governed by trustees who are elected by the people, and these trustees are given the power to look after the school property of the district, to fix teachers' salaries, and to make recommendations of teachers to the county board. It was held in *Taylor* v. *Matthews*, 10 *Ga. App.* 852 (4) (75 S. E. 166), that the trustees of a local tax district could pay tuition to another district for children from their district who were taught in the other district. In *Meadows* v. *Board of Education of Paulding County*, 136 *Ga.* 153 (2) (71 S. E. 146), this court held that a county board of education could permit pupils living in one district to attend school in another district, and as neither was a local tax district the county board of education could deduct from the funds allotted to the district whose pupils attended school in another, and pay such funds to the district where the pupils were taught. Further manifestation of the legislative intent to vest control in the county board of education is found in the fact that such board is clothed with power to consolidate local school districts, subject to a vote of the people. Code, §§ 32-915, 32-916, 32-917; *Stephens* v. *School District No. 3*, 154 *Ga.* 275 (114 S. E. 197); *Board of Education of Burke County* v. *Hudson*, 164 *Ga.* 401 (138 S. E. 792); *Huie* v. *Morris*, 176 *Ga.* 562 (168 S. E. 506). The county boards are also authorized to provide transportation for teachers and pupils to and from school. Code, § 32-919; *Orr* v. *Riley*, 160 *Ga.* 480 (128 S. E. 669); *Fitzpatrick* v. *Johnson*, 174 *Ga.* 746 (163 S. E. 908). While in *McKenzie* v. *Board of Education of Floyd County*, 158 *Ga.* 892 (124 S. E. 721), it was held that a school district which had levied a school tax was without power to furnish transportation to pupils, in the same opinion it was held that the county board of education did have power to furnish such trans-

portation. Since that decision an amendment of the constitution, art. 8, sec. 4, par. 1, conferring such power upon the local school districts was ratified in the general election of 1932; and in *Snipes* v. *Anderson,* 179 *Ga.* 251 (175 S. E. 650), this court held that by virtue of this amendment the trustees of a school district in Terrell County were authorized to pay to other school districts in the county for the transportation and education of school children residing in that district. Therefore by constitutional authority and the provision of law both the district trustees and the county boards are now clearly authorized to pay for transporting pupils from their home school district to a school in another district. Being thus authorized, it could hardly be said that either was acting without authority of law or in violation of law in transporting children from the Braden district to the Lilburn district in Gwinnett County, as here complained of. The plaintiffs contend that the school in Braden district is injured by the conduct of the defendants; but in arguing this contention they apparently overlook the paramount and sole objective in the maintenance of the public schools of the State. It can not be said that the public schools of the State are maintained for the purpose of enhancing property values or satisfying the wishes of adults, other than as they may be incidental to that sole objective, which is the education and best interest of the school children themselves. If at any point other considerations conflict with this worthy objective, all such considerations must yield. With this wide and wise purpose in view the legislature of this State realized that its accomplishment would necessitate the exercise of wide powers of discretion; and to this end such discretion has by law been vested in the county boards of education. These men being chosen as they are by the grand juries of their respective counties, without their solicitation, and rendering public service without compensation, may safely be entrusted with this vital responsibility; and unless it is made clearly to appear that they are acting in violation of law or grossly abusing their discretion, their conduct of the schools of the counties will not be enjoined by the courts. It appearing from the allegations of the petition that the defendants were acting within authority given them by law, and that they were not abusing the discretion vested in them, the demurrer was properly sustained and the petition dismissed.

*Judgment affirmed. All the Justices concur.*