DAVIS *et al. v.* HADDOCK *et al.*

No. 13478.  FEBRUARY 12, 1941.  REHEARING DENIED MARCH 19, 1941.

*Lowrey Stone,* for plaintiffs.  *A. H. Gray,* for defendants.

REID, Chief Justice.  It has generally been held by this court that equity will not interfere with the administration of the pub-

lic-school laws under which various local controveries arise, but will leave these controveries to the county boards of education which are established under the legislative scheme as tribunals for the handling of school affairs and the administration of these laws. It was recently stated in *Keever* v. *Board of Education of Gwinnett County,* 188 *Ga.* 299 (3 S. E. 2d, 886) : "Each county of the State is by law made a school district, and the management and control of the schools of the county is confided in the county board of education. Code, §§ 32-404, 32-901. The county board of education is the tribunal for hearing and determining all matters of local controversy in reference to the construction and administration of the school law, but an appeal from the decisions of the board may be had to the State school superintendent. § 32-910. While each county is subdivided into school districts, and the law encourages individual action and local effort by such subdivisions, it expressly provides that the general school laws as administered by the county boards of education must be observed. § 32-1126. It thus appears that the operation and management of the schools of the county is vested in the county board of education, and that the trustees of the local districts are amenable to the county boards of education." Specifically, as respects objections to consolidation of schools and school districts, it has been stated : "The consolidation of school districts is a part of the political power of the State which the legislature has seen fit to confer upon the county board of education, with a referendum to the voters of the consolidated districts to approve or disapprove the consolidation; and in the absence of any provision made by the statute for a review in equity of the decision of the board, the remedy by popular vote is the only one open to patrons of one or more of the schools consolidated, who are dissatisfied with the consolidation. *Board of Education of Burke County* v. *Hudson,* 164 *Ga.* 401 (138 S. E. 792) ; *Plainfield Consolidated School District* v. *Cook,* 173 *Ga.* 447, 451 (160 S. E. 617)." *Church* v. *Purcell,* 186 *Ga.* 95 (5) (196 S. E. 806).

In the present case complaint is made that the Code section 32-917, giving county boards of education power to consolidate school districts, is invalid, and that the power does not otherwise exist in the board except as provided in the terms of an amendment in 1932 to the constitution, the same now forming a pro-

viso in article 8, section 4, paragraph 1, of the constitution (Code, § 2-6901). The attack made on § 32-917 is that the provisions for a referendum with reference to consolidation are too vague, indefinite and uncertain for enforcement. An examination of that section discloses that it was not contemplated that in every consolidation ordered by a county board of education an election should be held. The power to consolidate the schools is clearly given to the board, but it is provided that if "as many as one fourth of the patrons of the said school or schools object to the consolidation" an election shall be held as prescribed. In the instant case it is not made to appear that one fourth of the patrons object to the consolidation or that an election was desired. While some allegations are made that the values of plaintiffs' property would be unfavorably affected as a result of the consolidation and the change of location of the school building, these charges are not considered sufficient to assert the violation of a property right which would give equity jurisdiction to interfere. The petition being thus wanting in essential allegations to confer jurisdiction in equity, the other complaints will not be considered. The judge did not err in sustaining the demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur.*