DOWNER, trustee, *et al.* v. STEVENS, superintendent, *et al.*, *et vice versa.*

Nos. 14223, 14236. SEPTEMBER 25, 1942.

*George Y. Harrell* and *M. A. Walker,* for plaintiffs.
*Jule Felton* and *Cleveland Rees,* for defendants.

ATKINSON, Presiding Justice. ■ This court has repeatedly held that the law vests full power and authority for the operation of schools in the county boards of education. *Carter* v. *Johnson,* 186 *Ga.* 167 (197 S. E. 258); *Keever* v. *Board of Education of Gwinnett County,* 188 *Ga.* 299 (3 S. E. 2d, 886); *Davis* v. *Haddock,* 191 *Ga.* 639 (13 S. E. 2d, 657); *Bramlett* v. *Callaway,* 192 *Ga.* 8 (14 S. E. 2d, 454). On this question the law is thus clearly fixed. The Code sections referred to in the cited decisions declare in one way or another this power and authority of the county boards of education. By the enactment, § 32-1126 of the Code, the General Assembly sought to eliminate the possibility of conflict between the authority of the county boards of education and that of the trustees of the school districts. We think the language of that section leaves no room for the trustees to challenge this authority of the boards of education. It is declared: "While it is the purpose and spirit of this Chapter [Local Tax for Public Schools] to encourage individual action and local self-help upon the part of the school districts, it is expressly understood that the general school laws as administered by the county board of education shall be observed." The instant case presents a challenge by district trustees of the authority of the county board of education, the trustees claiming for themselves the authority to make a contract with the trustees of a school in another county for the education of the

604

school children of their district, by virtue of the constitutional amendment of article 8, section 4, paragraph 1 (Code, § 2-6901), which was ratified in 1932. That amendment is as follows: "Provided, however, county boards of education, independent school systems, and local school districts may contract with each other for the education, transportation, and care of children of school age." The amendment confers upon both the county boards of education and the local school districts the authority to make the contracts there mentioned. Construing it literally, equal authority is conferred upon both. Certainly the trustees of the school district can claim under this amendment no authority superior to that which the amendment confers upon the boards of education. We think the constitutional amendment was not intended to and did not have the effect of changing or altering the relationship of the county boards of education and the trustees of the school districts. The superior authority of the county boards as then fixed by statute was not altered by this constitutional amendment. Effect must be given to the intent and purpose of a constitutional provision. It was clearly not the intention of those who framed this amendment, or of the people who ratified it, that it should cause confusion, conflict, and chaos in so vital a matter as the public schools of this State. To construe it to mean that the boards of education and the trustees of school districts are each thereby given unrestricted and supreme authority to make the contracts referred to would be to cause conflict in contracts, and a chaotic condition in all the schools of the State, which would be impossible of final solution because the contracts made by the county boards and those made by the trustees would be supported by the constitution and could not be avoided. On the other hand, the language of the amendment will allow a construction to the effect that such contracts as there authorized on the part of the local school districts must be executed in conformity with the existing law. Since under the law supreme authority for the operation of the schools is vested in the county board of education, all acts in this respect upon the part of the trustees must have the approval of the county board. This construction is consistent with the decision in *Snipes* v. *Anderson,* 179 *Ga.* 251 (175 S. E. 650), where the trustees had made a contract similar to that made by the trustees in the present case, and the petition of taxpayers of the district seeking to enjoin the execu-

tion of the contract alleged that it violated stated portions of the constitution, and that it was made with the approval of the county school superintendent, but was silent on the matter of its approval by the county board of education. This court held that the petition was subject to general demurrer, and that by virtue of the constitutional amendment ratified in 1932 the trustees were authorized to make the contract, and that it was valid. No question as to the authority of the county board of education to disapprove such a contract, or of its validity when unauthorized by the county board of education, was there presented, and no ruling was made upon this question. That part of the judgment relating to the school funds in the hands of the county board of education, denying mandamus, is affirmed.

■ The question presented by the cross-bill, excepting to that portion of the judgment directing that the funds raised by local taxation be delivered to the trustees of the school districts, is one not involving the general school fund of the county. This fund is obtained by the method and procedure set out in the Code, chapter 32-11, and represents the voluntary action of the people of the local districts, and belongs exclusively to those districts. The provisions of the Code, §§ 32-1114, 32-1120, 32-1121, 32-1122, making it the duty of the tax-collector to keep separate such funds and to turn the same over to the treasurer of the local school district, if he has given bond as required by law, to be expended by the treasurer only on the order of the local board of trustees, or, if the treasurer has failed to give the required bond, to turn the funds over to the county board of education to be disbursed only on the order of the local trustees, clearly indicate the legislative intent that this local tax money not be subject to the control of the county board of education or any one other than the trustees of the school district in which they are levied and collected. The authority of the local trustees in expending such funds is subject, of course, to such restrictive provisions as are found in the law, which may be asserted in an appropriate proceeding. Since it appears in the instant case that the treasurers of the local districts were bonded as required by law, they were entitled to the custody of all local tax funds; and that portion of the judgment directing that such funds be paid to them was not error.

*Judgment affirmed on both bills of exceptions. All the Justices concur.*