FORDHAM, trustee, *et al.* *v.* HARRELL, superintendent, *et al.*

No. 14737.   NOVEMBER 30, 1943.

W. A. *Wooten,* for plaintiffs.   *Will Ed Smith,* for defendants.

ATKINSON, Justice.   This court has held that the law vests full power and authority for the operation of schools in the county boards of education.   Trustees may recommend, but the power to employ teachers is exclusively in the county board of education. *Carter* v. *Johnson,* 186 *Ga.* 167 (197 S. E. 258).   The county board of education has authority to provide for the transportation of children from one district to another.   *Keever* v. *Board of Education,* 188 *Ga.* 299 (3 S. E. 2d, 886).   Courts will not ordinarily interfere in controversies relating to schools, but their administration should be left to the county board of education.   *Davis* v. *Haddock,* 191 *Ga.* 639 (13 S. E. 2d, 657).   The county board of education is vested with a discretion as to consolidation of schools, located in the same or different districts.   *Bramlett* v. *Callaway,* 192 *Ga.* 8 (14 S. E. 2d, 454).   Contracts made by school trustees under powers conferred by the Code, § 2-6901, are subject to approval by the county board of education.   *Downer* v. *Stevens,* 194 *Ga.* 598 (22 S. E. 2d, 139).

Counsel for the plaintiff in error recognizes the general power and authority vested in the county board to operate schools, but insists that the power to cease operation of a county line school is the power to destroy or abolish the same, which can only be accomplished by the concurrent action of the county board of education of each county, and that the board of education is attempting to do indirectly what it can not do directly.   The answer to this contention is, that the facts of the instant case do not involve an attempt to abolish the county line school district.   Stated another

way, this case involves the right of a county board of education, having supervision of a county line school, to cease operation of such school, and to order that all the pupils, regardless of which county they live in, be transported to another school in a different district.

While the order dated March 3, 1942, was objectionable under the ruling in *McRae* v. *Grace*, 179 *Ga.* 872 (177 S. E. 707), that "where a consolidated school district is legally and duly created by concurrent action of the authorities of two adjoining counties, such district cannot be destroyed or abolished except in some manner provided by law," that order was never put into operation. On the contrary the board of education of Dodge County operated the Empire school another year, after which an order was passed on September 7, 1943, consolidating the Empire school with Dodge High School. The Code, § 32-1102, declares in part: "By concurrent consent and action, boards of education of two or more adjoining counties may lay off and define school districts without regard to county lines: provided, that the board of education of the county in which the school-house is located shall have supervision of same." Under the above statute, the Empire school was under the supervision of the county board of education of Dodge County, the county in which the school-house was located, just the same as it would have been in the event all of the territory embraced in the county line district had been in Dodge County. The management of county schools being largely intrusted to the county boards of education and the legislature having invested them with a wide discretion, the board of education of Dodge County had authority to cease operation of the Empire school, and to order that all the children in the county line district be transported to the Dodge High School. As aptly stated by the trial judge: ".Dodge County still has its financial responsibility, and its board of education has the liability and the responsibility to see that every child in this district attends school, the very best school it can provide for it, whether it is on this site or somewhere else. As to what is best for the school pupils and what is the best educational interest of that particular district, is vested in the board of education of Dodge County."

Under the facts of this case the trial court did not err in refusing to make the mandamus absolute.

*Judgment affirmed. All the Justices concur.*