PASS *et al. v.* PICKENS *et al.*

No. 16430.  JANUARY 10, 1949.

W. L. *Nix* and A. G. *Liles*, for plaintiffs.

*Marvin A. Allison* and *Charles C. Pittard*, for defendants.

HAWKINS, Justice. (After stating the foregoing facts.) It has been generally held by this court that equity will not interfere with the administration of the public-school laws under which various local controversies arise, but will leave these controversies to the county boards of education, which are established

under the legislative scheme as tribunals for the handling of school affairs and the administration of these laws. *Keever* v. *Board of Education of Gwinnett County,* 188 *Ga.* 299 (3 S. E. 2d, 886); *Davis* v. *Haddock,* 191 *Ga.* 639 (13 S. E. 2d, 657); *Fordham* v. *Harrell,* 197 *Ga.* 135 (28 S. E. 2d, 463).

Each county of the State, by the Constitution of Georgia and statute, is made a school district, and the management and control of the schools of the county is confided in the county board of education. Code (Ann.), §§ 2-6801, 32-901.

The county board of education is the tribunal for hearing and determining all matters of local controversy in reference to the construction or administration of the school law, but an appeal from the decisions of the board may be had to the State Board of Education. Code (Ann.), § 32-910.

The County Board of Education of Gwinnett County is authorized and given power to purchase motor vehicles and other equipment for the purpose of transporting pupils and school employes to and from public schools, to employ drivers, and to provide for the operation and maintenance of such equipment. Code (Ann. Supp.), § 32-426.

The plaintiffs contend and argue that the County Board of Education, in denying the grammar-school students of the Vance Cross Roads School District transportation to attend the Buford School, is arbitrary, unreasonable, inequitable, and unfair, and denies the grammar-school students of the Vance Cross Roads School the advantages that they would receive in the event they were permitted to attend the Buford School.

However, the petition itself shows that each school child under similar circumstances in the Vance Cross Roads School District of grammar-school age receives the same transportation to and from school.

The right to determine what is best for the school pupils at the Vance Cross Roads School District is vested in the Board of Education of Gwinnett County. *Fordham* v. *Harrell,* 197 *Ga.* 135, 137 (28 S. E. 2d, 463).

"It can not be said that the public schools of the State are maintained for the purpose of enhancing property values or satisfying the wishes of adults, other than as they may be incidental to that sole objective, which is the education and best interest

of the school children themselves." *Keever* v. *Board of Education of Gwinnett County,* 188 *Ga.* 299 (supra).

The legislature of this State realized that the functioning and accomplishments of the county boards of education would necessitate the exercise of wide powers of discretion, and to this end such discretion has by law been vested in the county boards of education; and unless it is made clearly to appear that they are acting in violation of law or grossly abusing their discretion, their administration of the schools of the counties will not be enjoined by the courts. There is nothing in the allegations of the petition to show that the members of the board were acting without authority given them by law and that they were abusing the discretion vested in them. The demurrer was properly sustained and the petition dismissed.

*Judgment affirmed. All the Justices concur.*