Equity will not ordinarily interfere in local controversies arising under the laws of the State relating to public schools, but will leave the determination of such controversies to the county boards of education which have been clothed with this power by the legislature.
(a) The petition did not show that, in dealing with the matters complained of, the Board of Education of Gwinnett County abused its discretion and, accordingly, was not good against general demurrer.
 No. 16430. JANUARY 10, 1949.
J. G. Pass, Buell Chadwick, Gilford Bowman, Idus Kennedy, J. S. Haney, Perry Lord, and James Holland brought their petition in equity against R. P. Pickens, M. B. Verner, C. F. Griswell, H. V. Kilgore, and R. L. Norton, as members of the Board of Education of Gwinnett County, and alleged the following facts: that the Board of Education of Gwinnett County has the supervision, control, and operation of the school buses in Gwinnett County, in which buses the school children are transported to and from the respective schools they attend during the school term; that such buses are operated at public expense; that the buses, as well as the expenses of operating them, including gas, oil, upkeep, and the salaries of the drivers, are all paid for out of public-school funds; and that these funds are derived from taxes assessed and collected from all of the citizens of the county, and are collected for the benefit of all of its citizens. *Page 630 
The petition further alleged: that the defendants operate a school bus on and over public roads in Gwinnett County in Buford School District and the Vance Cross Roads School District; that in its operation said bus travels over the public roads which pass the homes of the plaintiffs and over the roads their children have to travel in reaching the school they attend; that it has been the policy of said board heretofore to transport public-school students to and from the Buford Public School, irrespective of whether they resided in that district or in other districts adjacent to said school district; and that it has been the policy of said board heretofore to transport all students from the Vance Cross Roads School to the Buford School when they reach high school.
It was further alleged: that some of the petitioners have children who are students in both the grammar grades and the high-school grades; that this necessitated that an arrangement be made for the transportation of such children to their respective schools; that, in order to handle this situation, the plaintiffs requested the board to permit said children to attend the Buford School, irrespective of whether they were students of the grammar grades or of the high school, and to be transported to and from said school on said buses; that the board granted this request, and arrangements were then made for the entrance of these students in the Buford School in the grammar grades. It was further alleged that, subsequently to the making of this arrangement, the board changed its ruling and provided that the high-school students of the Vance Cross Roads School District should be transported to the Buford School by these buses, but that, if the grammar-school students desired to attend the Buford School, they would have to furnish their own transportation.
It was alleged that the board had threatened, in oral statements to some of the plaintiffs, to refuse to allow the grammar-school students of the petitioners the right to ride said buses operated by them over and along the public roads passing by or near to their homes, and to refuse to permit them to be transported to said Buford School, although such students lived on the bus route and some of them lived in the same houses students going to the high school lived in, and at which places *Page 631 
the buses would have to stop to receive the students going to the Buford School.
It was alleged: that to send their children to the Buford School would, in some instances, require that they travel as much as five miles, and some of the petitioners were unable to provide transportation, or if able to do so, it would entail great expense upon them; and that, if their children were deprived of the opportunity to go to said school, they would be deprived of greater educational advantages than they could receive at the Vance Cross Roads School. It was also alleged: that the board, by transporting some of the school students to the Buford School and refusing to transport others, would act in an unreasonable, arbitrary, and discriminatory manner, and would be spending the tax money of the county and district inequitably and unfairly; and that it would give to some students special benefits not enjoyed by others, and so to act would be arbitrary and an abuse of authority.
It was further alleged, by an amendment to the petition: that, while the Buford Public School was an independent school district, the board of education has entered into an arrangement and agreement by which grammar-school students living outside the Buford District might attend the Buford School; and that this has been concurred in by the Buford School.
The prayers of the petition were: (a) that the defendants, in their official capacity as the Board of Education of Gwinnett County, be restrained and enjoined from operating its said school buses to and from said Buford Public School and Vance's Cross Roads School in any method or manner which furnishes transportation to and from said school to any students of said school unless the same or similar transportation is offered and furnished to all students of said school district who desire such transportation to and from said schools; (b) that they be restrained and enjoined from transporting any students to and from said schools by the use of any public-school funds, unless and until similar transportation is furnished to and offered to the children of your petitioners who desire to attend and who do attend either of said schools; (c) that a time and place for a hearing thereon be fixed by the court, and the defendants be required to show cause why they should not be restrained and *Page 632 
enjoined as prayed for; (d) for such other and further relief as the nature of the case may require; and (e) that process issue requiring the defendants to be and appear at the next term to answer this complaint.
The defendants filed a general demurrer on the following grounds: (1) that the allegations in the petition set forth no cause of action; (2) that the petition does not set out any matter or thing done or undone which would entitle the petitioners to the relief sought; (3) that the allegations fail to set out any legal or equitable reason why the court should force the defendants to provide transportation for the school children as sought in said petition, because the petition on its face shows that Vance Cross Roads School District is a part of the school system of Gwinnett County, and the county board of education has a right in its discretion and best judgment to provide transportation for the school children of said community, and particularly the high-school students thereof to the Buford High School; (4) that the petitioners are asking for unlawful, illegal, and unreasonable relief, which the board of education would not be authorized to grant; (5) that the power of management and control of the public schools of the county is confined to the County Board of Education, and in the administering of the school law said board of education is given wide discretionary powers, and the things and acts which petitioners are asking the court to force the defendants to do are purely discretionary matters of the board of education, and to interfere therewith would be an illegal and unlawful interference with the administration of the schools of the county by the board of education, and to force defendants to do so by compulsory process of the court would be a distinct usurpation by the court of the judgment and discretion of the board of education vested in them by law.
It has been generally held by this court that equity will not interfere with the administration of the public-school laws under which various local controversies arise, but will leave these controversies to the county boards of education, which are established *Page 633 
under the legislative scheme as tribunals for the handling of school affairs and the administration of these laws. Keever v.Board of Education of Gwinnett County, 188 Ga. 299
(3 S.E.2d 886); Davis v. Haddock, 191 Ga. 639 (13 S.E.2d 657);Fordham v. Harrell, 197 Ga. 135 (28 S.E.2d 463).
Each county of the State, by the Constitution of Georgia and statute, is made a school district, and the management and control of the schools of the county is confided in the county board of education. Code (Ann.), §§ 2-6801, 32-901.
The county board of education is the tribunal for hearing and determining all matters of local controversy in reference to the construction or administration of the school law, but an appeal from the decisions of the board may be had to the State Board of Education. Code (Ann.), § 32-910.
The County Board of Education of Gwinnett County is authorized and given power to purchase motor vehicles and other equipment for the purpose of transporting pupils and school employes to and from public schools, to employ drivers, and to provide for the operation and maintenance of such equipment. Code (Ann. Supp.), § 32-426.
The plaintiffs contend and argue that the County Board of Education, in denying the grammar-school students of the Vance Cross Roads School District transportation to attend the Buford School, is arbitrary, unreasonable, inequitable, and unfair, and denies the grammar-school students of the Vance Cross Roads School the advantages that they would receive in the event they were permitted to attend the Buford School.
However, the petition itself shows that each school child under similar circumstances in the Vance Cross Roads School District of grammar-school age receives the same transportation to and from school.
The right to determine what is best for the school pupils at the Vance Cross Roads School District is vested in the Board of Education of Gwinnett County. Fordham v. Harrell, 197 Ga. 135,137 (28 S.E.2d 463).
"It can not be said that the public schools of the State are maintained for the purpose of enhancing property values or satisfying the wishes of adults, other than as they may be incidental to that sole objective, which is the education and best interest *Page 634 
of the school children themselves." Keever v. Board ofEducation of Gwinnett County, 188 Ga. 299 (supra).
The legislature of this State realized that the functioning and accomplishments of the county boards of education would necessitate the exercise of wide powers of discretion, and to this end such discretion has by law been vested in the county boards of education; and unless it is made clearly to appear that they are acting in violation of law or grossly abusing their discretion, their administration of the schools of the counties will not be enjoined by the courts. There is nothing in the allegations of the petition to show that the members of the board were acting without authority given them by law and that they were abusing the discretion vested in them. The demurrer was properly sustained and the petition dismissed.
Judgment affirmed. All the Justices concur.