COLSTON *et al. v.* HUTCHINSON *et al.*

No. 17647.   ARGUED OCTOBER 9, 1951—DECIDED NOVEMBER 13, 1951—
REHEARING DENIED NOVEMBER 28, 1951.

*E. T. Averett, Carl K. Nelson* and *Nelson & Nelson,* for plaintiffs in error.

*E. L. Rowland, H. Dale Thompson* and *Rountree & Rountree,* contra.

DUCKWORTH, Chief Justice. The Constitution of 1945 (Code, Ann., § 2-6801) declares that "Each county, exclusive of any independent school system now in existence in a county, shall compose one school district and shall be confined to the control and management of a County Board of Education." Thus, by the Constitution, is the control and management of the public schools, other than independent school systems existing in 1945, placed under the exclusive control and management of the county boards of education. By statute (Code, Ann. Supp., § 32-910; Ga. L. 1919, p. 324; 1947, pp. 1189, 1190), rulings by the county boards of education are reviewable by the State Board of Education. See *Boney* v. *Bd. of Educ. of Telfair County*, 203 *Ga.* 152 (45 S. E. 2d, 442). Repeatedly and uniformly this court has held that the control and management of the public schools is in the county boards of education, and will not be interfered with by the courts except in cases where that control and management is contrary to law. *Keever* v. *Bd. of Educ. of Gwinnett County*, 188 *Ga.* 299, 301 (3 S. E. 2d, 886); *Fordham* v. *Harrell*, 197 *Ga.* 135 (28 S. E. 2d, 463); *Boney* v. *Bd. of Educ. of Telfair County*, 203 *Ga.* 152 (supra); *Pass* v. *Pickens*, 204 *Ga.* 629 (51 S. E. 2d, 405); *Burton* v. *Kearse*, 204 *Ga.* 765 (51 S. E. 2d, 796). But the present action alleges that the county board of education has failed and refused to perform duties laid upon it by provisions of Code (Ann. Supp.) § 32-938 (Ga. L. 1919, p. 331; 1946, pp. 206, 208). It is contended that the defendants, under the Code section relied upon, were under a duty to send the children residing in Johnson County and within the Adrian School District to the Adrian School, and the petitioners seek to enjoin them from sending those children to other schools in Johnson County. Counsel for the petitioners rely upon the decision in *McRae* v. *Grace*, 179 *Ga.* 872 (177 S. E. 707), and assert that the defendants can not lawfully withdraw said children from the Adrian School without the consent of the school authorities of Emanuel County. Without here going into the decision in that case, where it appeared that by certain actions of the counties involved, the school was established, in the present case there is nothing to indicate the method of establishing the Adrian School. It might be observed that in *Fordham* v. *Harrell*, 197 *Ga.* 135 (supra), this court upheld

action by a county board of education very similar to the action here complained of. However, well-established rules of law prevent our ruling upon the contention made by the petitioners. Equity will grant relief only where there is no available and adequate and complete remedy at law. Code § 37-102. In the identical Code section upon which the petitioners base their case (Code, Ann. Supp., § 32-938), it is provided that, if the county authorities fail to arrange or contract for the attendance of the children in the school in question, parents of those children may compel the county board by mandamus to so provide for such school attendance upon the part of the children, or they may appeal to the State Board of Education, either of which remedies at law would be adequate in the present case, and no reason is shown why those remedies are inadequate or have not been pursued. If it be claimed that the remedies thus specified by the statute are available only to parents, and hence not available to residents and taxpayers, which is the capacity in which the present action is brought, we instantly encounter the rule that a citizen and taxpayer has such an interest in the performance of duty of public officers as will authorize the maintenance of an action at law to compel by mandamus the performance of official duties. *Thomas* v. *Ragsdale,* 188 *Ga.* 238 (3 S. E. 2d, 567).

While it is true in this case that the trial judge failed to rule upon the demurrer which raised the point that adequate remedies at law existed, yet the judgment granting an interlocutory injunction is one granting relief in equity, and is erroneous if an adequate remedy at law was available. Having held that such remedy exists, we therefore hold that the court erred in granting the interlocutory injunction complained of.

*Judgment reversed. All the Justices concur.*