WALKER *et al. v.* McKENZIE *et al.; et vice versa.*

Nos. 18078, 18079. ARGUED JANUARY 13, 1953—DECIDED FEBRUARY 9, 1953—
ADHERED TO ON REHEARING MARCH 10, 1953.

Sam M. Mathews, Garland T. Byrd, Scott R. Williams, Hawkins Dykes and Jared J. Bull, for plaintiffs in error.

A. C. Felton III, John S. Averill Jr. and Chas. J. Bloch, contra.

ALMAND, Justice. W. H. McKenzie and others filed a petition in the Superior Court of Macon County against J. M. Walker and others, as members of the Board of Education of Macon County, praying: (a) an injunction to prevent the defendants from executing contracts with the Boards of Education of Peach and Taylor Counties for the education of certain Macon County children for a period of twenty years; and (b) a mandamus absolute to compel them to make necessary preparations for the transportation and care of said children in the schools of Macon County. A restraining order was granted by the judge on presentation of the petition. Thereafter the petition was twice amended. In the first of these amendments, the petitioners prayed that section 32-938 of the Code, as amended in 1946, be declared unconstitutional. In the second amendment, they prayed that the defendants be "enjoined from authorizing or entering into any contract looking toward the purchase of any sites for the location of schools." On the filing of the second amendment, the judge temporarily enjoined the defendants as prayed therein. Demurrers were filed to the petition, original and as amended, which were overruled, and the defendants excepted pendente lite. On interlocutory hearing, after the introduction of evidence by both parties, the court entered the following order:

"The defendants are hereby enjoined from executing the contracts annexed to the plaintiff's petition and from executing any similar contract with any County, School District or County Board of Education of any county, providing for the assignment of school children residing in Macon County, Georgia, to the schools of any other county for a period extending beyond the current school year in which said contract is executed. All other restraining orders heretofore granted in this cause are hereby dissolved and vacated. All other and further injunctive

relief as prayed for in the original petition and the petition as amended is hereby denied."

This order was amended by adding thereto the following: "In so ordering, I have considered the attacks made on the constitutionality of the act of the General Assembly, No. 634, Georgia Laws of 1946, pages 206 et seq., amending Code Section 32-938, which constitutional questions were raised by the amendment to the plaintiff's petition allowed August 20, 1952, and I hold that said act is constitutional, valid, and not subject to the attacks there made on it."

The defendants by bill of exceptions assign error on the portion of the order which enjoined them from executing the contracts here involved, or any similar contract, for a period extending beyond the current fiscal year in which the contract was entered, and also assign error on their exceptions pendente lite. The plaintiffs by cross-bill assign error on the portion of the order denying injunctive relief, and on the amendment to the order.

■ The defendants in their main bill of exceptions assign error on exceptions pendente lite which complain that the court erred in overruling their demurrers to the petition as amended. The plaintiffs in their petition prayed for the issuance of a mandamus absolute, and ancillary to that prayer they prayed that the defendants be restrained from executing the proposed contracts with the Boards of Education of Peach and Taylor Counties. The trial court did not pass upon the prayers for a mandamus. Under the provisions of the act of 1946 (Ga. L. 1946, p. 748; Code, Ann. Supp., § 64-110), the order overruling the demurrers cannot be reviewed by this court until there has been a final judgment on the prayer for a mandamus absolute. For this reason, we cannot pass on this assignment of error.

■ The defendants in their main bill of exceptions complain only as to that portion of the interlocutory order which restrains the Macon County Board of Education from entering into contracts with the Boards of Education of Peach and Taylor Counties for the education of pupils in excess of one year. The plaintiffs in their cross-bill assert that the trial court erred in refusing to enjoin the defendants from entering into the proposed contracts in any manner or for any term. It having been

repeatedly held by this court that, since the Constitution and laws of this State vest the management and control of the schools in the county boards of education of their respective counties (Code §§ 2-6801, 32-910), the county board of education is a tribunal for hearing and determining all matters of local controversy in reference to the construction or administration of the school laws, with the right of appeal from the decision of the local board to the State Board of Education. Courts of equity will not interfere with the administration of the public-school laws under which local controversies arise, unless it is made clearly to appear that such local school board is acting in violation of law or is grossly abusing its discretion. We will pass upon both bills of exceptions within these restrictive limits. *Keever* v. *Board of Education of Gwinnett County*, 188 *Ga.* 299 (3 S. E. 2d, 886); *Fordham* v. *Harrell*, 197 *Ga.* 135 (28 S. E. 2d, 463); *Pass* v. *Pickens*, 204 *Ga.* 629 (51 S. E. 2d, 405); *Burton* v. *Kearse*, 204 *Ga.* 765 (51 S. E. 2d, 796); *Colston* v. *Hutchinson*, 208 *Ga.* 559 (67 S. E. 2d, 763).

Under art. 8, sec. 5, par. 1 of the Constitution of 1945 (Code, Ann., § 2-6801), counties are granted authority to establish public schools within their limits, and each county, exclusive of any independent school system therein, composes one school district, the control and management of which is confided to a county board of education. See also Code, § 32-901. Art. 8, sec. 9, par. 1 of the same Constitution (Code, Ann., § 2-7201) provides that county boards of education and independent school systems may contract with each other for the education, transportation, and care of pupils. Art. 7, sec. 6, par. 1 (a) of this Constitution (Code, Ann., § 2-5901) provides that any county of this State may contract with another county for any period not exceeding fifty years for the use by the county or the residents thereof of any facilities or services of that county, provided such contracts shall deal with such activities and transactions as such counties are by law authorized to undertake. Although this constitutional provision does not expressly authorize a county board of education to enter into a contract with the county board of education of another county, contracts made by a county board of education are the corporate actions of the county. Therefore, this constitutional authority given to coun-

ties includes county boards of education. *Sheffield* v. *State School Building Authority*, 208 *Ga.* 575 (68 S. E. 2d, 590), .and citations therein. The proposed contracts between the three boards of education in the instant case involve the facilities and services of the public schools of Peach and Taylor Counties for the use and benefit of the school children of the Marshallville and Delta Districts of Macon County. The Board of Education of Macon County, having the lawful management of the public schools of that county, has the power and authority to enter into the proposed contracts with the respective Boards of Education of Peach and Taylor Counties. The Board of Education of Macon County, having authority to make such contracts for any period not exceeding fifty years, would not exceed its constitutional power in entering into contracts for a period of longer than one year.

Code § 32-938, as amended by the act of 1946 (Ga. L. 1946, p. 208; Code, Ann. Supp., § 32-938), which deals with children residing in one county and attending schools in another county, which section is relied on by the defendants and attacked by the plaintiffs as being violative of art. 3, sec. 7, par. 8 of the Constitution of 1945 (Code, Ann., § 2-1908), has no application here, because full power being vested under the Constitution in the Board of Education of Macon County to make such contracts, the legislature has not been granted any authority to limit this power. It therefore becomes unnecessary to pass upon the contention of the plaintiffs that the Code section is unconstitutional.

Code (Ann. Supp.) § 32-928, which provides that it shall be unlawful for any county board of education to make any contract involving expenditure of funds in excess of the total appropriations for the fiscal year in which the contract was entered into, and declaring that any contract made in violation of this section shall be void, has no application here, for the reason that there is nothing in the record which shows that the proposed contracts will create an indebtedness on the part of the Board of Education of Macon County which will be in excess of the total appropriations for the school year for such board.

We hold that the Board of Education of Macon County had

lawful power to enter into the proposed contracts with the County Boards of Education of Peach and Taylor Counties.

■ The evidence before the trial judge discloses: that for many years all the children residing in the Delta District of Macon County have been attending the school at Reynolds in Taylor County; approximately thirty-five high school children residing in the Marshallville District of Macon County will, under the proposed contract with the Board of Education of Peach County, be required to attend school at Fort Valley in Peach County; that the Marshallville High School has become unaccredited, and the Fort Valley High School offers better educational advantages than any high school in Macon County; that a majority of the people residing in the Marshallville and Delta Districts prefer that their children attend the schools at Fort Valley and Reynolds respectively; and that the distance from Marshallville to Fort Valley is about five miles less than from Marshallville to Montezuma or Oglethorpe. The record does not disclose that any of the parents of the children involved in either of these contracts have protested the purpose of the board to enter into them. It appears without dispute that, because of the small number of children, a high school cannot profitably be maintained in Marshallville, and for the same reason an elementary or high school cannot be maintained in the Delta District. It is apparent from all the evidence that this controversy involves a difference between a majority of the members of the Macon County Board of Education and the County School Superintendent. A majority of the board being of the opinion that the best solution of the problem is the execution of the proposed contracts, and the minority of the board, and the superintendent, that the future of the schools in Macon County can best be served by sending the children of the two districts involved to either Montezuma or Oglethorpe—this schism in the board or opinion of the superintendent does not authorize the conclusion that a majority of the board is abusing the discretion vested in them in managing the schools. We find nothing in the record that would authorize a court of equity to interfere with the management of the public schools of Macon County, on the ground that the board of education grossly abused its discretion in declaring its purpose to enter into the proposed contracts.

As to the prayer that the defendants be enjoined from authorizing any contract to purchase sites for schools, the evidence does not show that there has been any abuse of discretion in this regard.

It being error to enjoin the board from entering into the proposed contracts for a term exceeding one year, the case will be reversed on the main bill of exceptions and affirmed on the cross-bill.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except Duckworth, C. J., and Head, J., who dissent; and Atkinson, P. J., not participating.*