18382.   IRWIN *et al. v.* CRAWFORD *et al.*

Argued October 13, 1953—Decided November 12, 1953.

*W. S. Mann,* for plaintiffs in error.

*Nelson & Nelson, Carl K. Nelson,* contra.

WYATT, Presiding Justice. Each county in this State is made

by law a school district, and the management and control of the schools of the county is vested in the county board of education. Code §§ 32-404, 32-901. It is further provided by law that all matters of local controversy in reference to the construction or administration of the school law shall be submitted to the county board of education for decision with the right of appeal to the State Board of Education. Code § 32-910. It follows, the petitioners in this case have an adequate remedy at law by appearing before the county board of education with the controversy here involved, provided the action proposed to be taken by the county board of education is a matter over which the board has jurisdiction and is not contrary to law.

It is here contended that the proposed action by the county board of education is a matter without the jurisdiction of this board, and that the action if taken, however decided, would be illegal and contrary to law. This court has consistently said that the county boards of education have jurisdiction of these local controversies and that the courts will not interfere provided the proposed action is not illegal or contrary to law. See *Colston* v. *Hutchinson,* 208 *Ga.* 559 (67 S. E. 2d 763), and cases there cited. This language means that, if the actions of the county boards are illegal or contrary to law, the courts will intervene in order to prevent the board from doing something illegal or contrary to law. "There is no doubt but that equity will exercise jurisdiction to restrain acts or threatened acts of public corporations or of public officers, boards, or commissions which are ultra vires and beyond the scope of their authority, outside their jurisdiction, unlawful or without authority." 28 Am. Jur. 356, § 166. "School boards or school officers may be enjoined from acting beyond the scope of their powers or in violation of law where the remedy at law is inadequate." 43 C. J. S. 636, § 112.

This court has many times recognized the right of a taxpayer to apply to a court of equity to prevent public officers from taking action or performing acts which they have no authority to do. *Smith* v. *McMichael,* 203 *Ga.* 74 (45 S. E. 2d 431), and cases there cited. It is therefore clear that, if the action here sought to be enjoined is one over which the county school board had jurisdiction, and was a matter about which they had a discretion, the court should not have interfered but should have left

the parties to proceed by a hearing before the county board, with the right of appeal to the State board. It is likewise clear that if the proposed action of the county board is dealing with a matter over which the board had no jurisdiction and would be illegal or contrary to law, the trial court properly interfered by injunction.

We now look to see whether or not the action proposed to be taken by the county board of education was a matter over which they had jurisdiction and was authorized by law. The only law giving the county boards of education the power to consolidate schools is contained in Code (Ann.) § 32-915, which reads as follows: "The board of education of any county shall have the right if, in their opinion, the welfare of the schools of the county and the best interests of the pupils require, to consolidate two or more schools into one school, to be located by said board at a place convenient to the pupils attending the same, the schoolhouse to be located as near the center of the district or districts as possible." So that a consolidation of schools in order to be authorized by law must be the consolidation of "two or more schools into one school."

Our entire school law deals with the common or public schools as being composed of 12 grades, the first 8 grades being denominated the elementary or grammar grades, and the last 4 grades as the high-school grades. However, the entire 12 grades are dealt with consistently as a school. This proposition is fully recognized in *Brinson* v. *Jackson*, 168 *Ga.* 353 (148 S. E. 96). Indeed the act of the General Assembly of 1919, from which the above quoted Code section providing for the consolidation of schools was taken, provides further along in the same act as follows: "The board of education of any county or municipality shall have the right to establish one or more high schools or junior high schools as in their opinion may be necessary and may be possible through local taxation funds." Code § 32-933. This section recognizes that the high-school grades are a part of the common school and not a school within themselves unless established under the provisions of the act last above quoted.

What is proposed to be done in the case now under consideration? Simply to take the four upper grades or high-school grades of one school now established and operating, and combine them

with the same grades of another school already established and operating, both schools now containing the entire 12 grades of the common school. Does this amount to the consolidation of "two or more schools into one school"? We do not think so. This action would simply amount to the taking of a part of one school and moving it to another. It is neither the consolidation of schools provided for by law, nor is it the establishing of a high school.

It follows, the proposed action by the Wheeler County Board of Education was beyond the jurisdiction of the board and contrary to law and, therefore, illegal. The trial judge committed no error in overruling the general demurrer to the petition or in granting a temporary injunction.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating. Candler and Hawkins, JJ., concur specially.*

CANDLER and HAWKINS, Justices, concurring specially. While we concur in the ruling in this case that, under Code (Ann.) § 32-915, a county board of education is only authorized to consolidate "two or more schools into one school," and is not authorized by that section to consolidate a portion only of one school with another, yet county boards of education do have authority to transfer pupils from one school to another, if in their judgment it is to the best interest of the pupils or the schools; and, in the exercise by the boards of education of that discretion, the courts will not interfere unless there be a gross abuse of discretion. *Keever* v. *Board of Education of Gwinnett County,* 188 *Ga.* 299 (3 S. E. 2d 886); *Fordham* v. *Harrell,* 197 *Ga.* 135 (28 S. E. 2d 463); *Pass* v. *Pickens,* 204 *Ga.* 629 (51 S. E. 2d 405); *Walker* v. *McKenzie,* 209 *Ga.* 653 (74 S. E. 2d 870).