SNIPES *et al.* v. ANDERSON, trustee, *et al.*

252

[redacted]

No. 10093. AUGUST 8, 1934.

[redacted]

*Olin Hammock,* for plaintiffs. *R. R. Jones,* for defendants.

BECK, P. J. Snipes and others, citizens and taxpayers of the Pleasant Hill School District in Terrell County, brought their petition for injunction against J. W. Anderson and others, trustees of Pleasant Hill School District, and Mrs. W. H. Gurr, county school superintendent of Terrell County, alleging that Pleasant Hill School District is a regular local tax school district, having been maintained as such since the year 1924; that on September 11, 1933, the trustees of Pleasant Hill School District entered into a contract with the school authorities of Parrott School District and Bronwood School District in Terrell County, to educate, transport, and care for the school children of Pleasant Hill School District; that Mrs. Gurr, the county school superintendent, concurred in this action; that the contract was entered into with the consent of the county board of education, and pursuant to said contract the school children of Pleasant Hill School District are transported to the Bronwood and Parrott School Districts; that the money raised by local taxation in the Pleasant Hill School District is being diverted and used for the education of the children of that district in the Bronwood and Parrott School Districts; that other school funds belonging to this district are likewise being used for the education of the school children of the Pleasant Hill School District in Parrott and Bronwood School Districts; and that no school is being operated in the territorial limits of the Pleasant Hill School District. The prayers are that the defendants be enjoined from expending and appropriating the money raised by local taxation within the Pleasant Hill School District within other districts of the county, and from diverting the school funds due the schools of the Pleasant Hill School District from the State and county school funds of Terrell County; that the contracts entered into with the school authorities of the Parrott and Bronwood School Districts be declared null and void; and for general relief. A general de-

murrer to the petition was sustained, and the petition dismissed; and the plaintiffs excepted.

Every county in the State comprises one school district, and the management and control of this school district is vested in the county board of education. 8 Park's Code, § 1437(a). The right to consolidate schools, lay off the county in school districts, rearrange the districts, and otherwise look after the educational interest of the school children of a given county is vested in the board of education. Id. §§ 1437(i), 1437(o), 1437(p). The right to expend school funds is vested in the county board of education. Id. § 1437(nn). In local-tax school districts, the trustees have the right to make rules and regulations to govern the school, and they have the right to fix the rate of tuition for non-resident pupils, etc. Id. § 1438(m). The treasurer of the board of trustees is the officer who receives and disburses local tax money. Id. § 1438(t). The trustees are required to observe the general laws of the State as administered by the county board of education. Id. § 1438(z).

Much legislation and a great deal of litigation has been had about schools. The tendency has been towards consolidation. Consolidation has involved transportation. Provision has been made for supplementing funds received from the State by local taxes, and school districts have a right to vote "for local taxation for public schools." This is provided for in the constitution itself. Whether or not, under the provisions of any of the sections of the school laws referred to above, trustees of a local tax district are without power to use local tax funds to provide transportation need not be discussed. See *McKenzie* v. *Board of Education of Floyd County,* 158 *Ga.* 892 (124 S. E. 721). But subsequently to the above decision, in 1927, the legislature extended the right to use funds for transportation to the trustees of a local tax district. (Ga. Laws 1927, p. 174.) But the validity of the contract in question here is not dependent upon this statute, and not dependent solely upon any holdings of the court rendered prior to 1932; for in 1931 the legislature submitted an amendment to paragraph 1 of section 4 of article 8 of the constitution of this State, by adding, at the end of that paragraph, the following: "Provided, however, county boards of education, independent school systems, and local school districts may contract with each other for the education, transportation, and care of children of school age." Acts 1931, p. 105. This proposed

amendment was duly ratified in 1932. Considering the broad provisions of this amendment, it is apparent that the contract in question here was authorized. The amendment prevails over any former provision in the constitution that is in conflict with it, and over any statute or decision of this court prior to the date of the adoption of that amendment. The acts of the defendants in the making and carrying out of that contract were not in violation of the constitution for any of the reasons assigned. We can not agree with the plaintiffs in their contention that the amendment set forth above could not operate to vest power and authority in the defendants to perform the acts alleged in the petition. It is not a retroactive law. The people, by the constitution, had a right to modify prior existing laws, and provisions of the constitution itself, by a duly adopted amendment to the constitution; and the application of the amendment quoted, as applied by the defendants in making this contract, was not violative of any vested right, and did not impair the obligation of any contract, as urged by the plaintiffs. Nor did it deprive the citizens of the local school district of property without due process of law, nor deny to them impartial and complete protection of the law; nor did it violate any other constitutional right of the citizens of Pleasant Hill School District, as contended by plaintiffs. The court did not err in sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*