26611. BOWDEN, sheriff, *v.* EUBANKS.

Decided March 3, 1938.

*Isaac S. Peebles Jr.,* for plaintiff in error.
*Frederick B. Tyler, Thomas L. Hill,* contra.

Stephens, P. J. Miss Geneva Eubanks brought suit against
J. B. Bowden, sheriff of the municipal court of the City of Augusta, Georgia, in his official capacity as sheriff, to recover of him
the sum of $186 alleged to be due the plaintiff for board and lodging furnished by her to certain named persons under a contract
between her and the defendant in which the defendant, it was
alleged, contracted with her in his official capacity as sheriff of the
municipal court of the City of Augusta. It was alleged in the
plaintiff's petition that "on December 20, 1934, the defendant

herein in his official capacity entered into and [an] oral agreement with petitioner whereby he contracted with petitioner for the board and lodging of four persons to wit: J. E. Oyler, Mrs. J. E. Oyler, William Pean, and Bus Bruening, at and for the sum of $1.50 per day for each of said four persons, which persons defendant told petitioner he had hired to care for certain racing dogs then held under one or more attachments issued from the said court of which defendant is sheriff, and that the board and lodging of said four persons would be paid for by the defendant as part of the hire for said four persons, and that the hire of said four persons would be assessed as court cost, lodged against either the plaintiffs or defendants in said issued attachment lodged in said court." It was further alleged in the petition that on the same date the defendant gave to the plaintiff a paper which she alleged was "a written order" which reads as follows: "Responsible for four parties until further instructions." That on the next day the defendant "in his official capacity sent or handed" to plaintiff another paper directed to her and signed by the defendant as sheriff of the municipal court of the City of Augusta, and which plaintiff denominates as a "written order or request," which directed her to "take care of the show parties for all meals and lodging until further notice from me." It was further alleged in the petition that "the oral agreement of the defendant in contracting for all charges that would accrue to petitioner for board and lodging said four persons was direct, unconditional, and unqualified, and was an absolute and original undertaking by defendant to pay petitioner for boarding and lodging said four persons." It was further alleged in the petition that, on January 17, 1935, afterwards, the defendant requested, in writing signed by him as sheriff, that the plaintiff send him a bill for all charges for boarding and lodging the four persons referred to, which request was as follows: "Please furnish me with a bill for the parties I arranged with you for on the 20th of Dec. '34." It was further alleged in the petition that under the oral agreement as above set out, and the written request of December 20 and 21, the plaintiff "extended credit to the defendant in his official capacity as sheriff of the municipal court of the City of Augusta and boarded and lodged said four parties" over a definite stated period of time, and furnished them with meals, lights, fuel, sleeping accommodations, etc., "according to her agreement with

the defendant." It was further alleged in the petition that after the plaintiff had furnished the services alleged to have been contracted for, she rendered a bill therefor to the defendant which the defendant refused to pay. The plaintiff prayed for judgment against the defendant "in his official capacity as sheriff of the municipal court of the City of Augusta, Georgia."

The defendant demurred to the petition, on the ground that it fails to set out any cause of action against the defendant either personally or in his official capacity as sheriff, and that the proper remedy for the plaintiff against the defendant is by rule and not by suit against him; that the defendant in his capacity as sheriff had no authority under the law to make the contract alleged. The defendant also demurred on the ground that it does not appear in what cases the amount due the plaintiff for board, etc., was to be assessed as court costs, and that it does not appear that there has been any final determination of any case wherein such sum would be assessed as court costs, and that it does not appear that the defendant has ever received any sum of money out of. the court costs to be paid on the alleged indebtedness sued for. There were some special demurrers to which it is not necessary to refer. The court overruled the demurrer on all grounds thereof, and the defendant excepted. The case proceeded to trial resulting in a verdict and judgment for the plaintiff. The defendant moved for a new trial on the general grounds only. To the judgment overruling the motion the defendant excepted.

The suit is clearly one against the sheriff in his capacity as sheriff, and not in his individual capacity, on an alleged contract made by him in his capacity as sheriff and not individually. While there appears an allegation in the petition that the oral agreement upon which the plaintiff had predicated her suit "was an absolute and original undertaking by the defendant to pay" the plaintiff for furnishing board and lodging to the persons referred to, this is but an interpretation by the plaintiff of the oral contract already set out, and which, it is alleged, was an agreement by the defendant in his capacity as sheriff. This allegation is to the effect that the absolute and original undertaking by the defendant to pay the plaintiff was an absolute and original undertaking by him in his capacity as sheriff and not individually. Anything contained in the petition, whether in the writings alleged to have been signed

by the sheriff, indicating liability to the plaintiff, or elsewhere in the petition, which might indicate any contractual liability on the part of the sheriff to pay anything to the plaintiff, must, in the light of the tenor of the petition as one seeking to hold the defendant liable only in his official capacity on a contract made by him in his official capacity, be construed as an obligation by him in his official capacity solely. "Officers are not personally liable on contracts entered into by them within the scope of their official authority, unless the contract shows that they clearly intended to assume a personal liability." 46 C. J. 1046; *Ghent* v. *Adams, 2 Ga.* 214. Since the suit is against the defendant as sheriff, to recover on a contract made by him solely in his capacity as sheriff, and not in his individual capacity, the petition sets out no liability against the defendant in his individual capacity. The defendant is not liable, under the contract, out of his individual estate or out of his own funds. A judgment against him as sheriff on a contract executed by him in his capacity as sheriff, and not in his individual capacity, would necessarily have to be collected out of some money or property in his hands or possession against which the plaintiff had some claim, which could be collected, if at all, only out of moneys which the sheriff may have received as court costs in cases referred to as compensation for him for expenses incurred in keeping and caring for the animals upon which he had levied.

Since the petition clearly alleges no personal or individual liability against the sheriff, the petition, wherein it alleges that when the sheriff contracted with the plaintiff to board and lodge the persons mentioned, the sheriff told the plaintiff that the board and lodging of these persons would be paid for by him "as part of the hire of said four persons and that the hire of said four persons would be assessed as court cost," in the attachment suits, when construed most strongly against the plaintiff as must be done in testing its sufficiency as against a demurrer, must be construed as alleging that the plaintiff must look for her pay, not out of the sheriff himself, but only out of any moneys which he may succeed in collecting as court cost out of the attachment cases for his care of the animals which were levied upon. Since the petition fails to show that the sheriff had collected any such moneys it fails to set out a cause of action, and the court erred in overruling the de-

murrer based on this ground. The subsequent proceedings result-ing in a verdict and judgment for the plaintiff were nugatory.

*Judgment reversed. Sutton and Felton, JJ., concur.*