34812. BECKANSTIN *v.* DRAKE *et al.*

DECIDED FEBRUARY 11, 1954.

*Sams, Wotton & Sams, E. L. Smith, Jr.,* for plaintiff in error.
*Custer & Kirbo, E. P. Stapleton,* contra.

QUILLIAN, J. A county board of education is not a corporate body with the power to sue and be sued. Consequently, a suit for the breach of a contract cannot be brought against it. It is merely an agency through which the county acts in school matters. *Board of Education of Candler County v. Southern Michigan Nat. Bank,* 184 *Ga.* 641 (192 S. E. 382); *Mattox v. Board of Education of Liberty County,* 148 *Ga.* 577 (97 S. E. 532, 5 A. L. R. 568); *Smith v. Board of Education of Washington County,* 153 *Ga.* 758 (113 S. E. 147); *Board of Education of Houston County v. Hunt,* 29 *Ga. App.* 665 (116 S. E. 900).

In their official capacity the members of a county school board cannot be sued for the breach of a contract made on behalf of or in the name of the board.

For a positive tort committed by the members of a school board acting in unison and beyond the scope of their official authority the members of the school board are personally liable. They are likewise liable, as was well stated by Judge Felton in *Richter v. Harris,* 62 *Ga. App.* 64 (7 S. E. 2d 432), for wilful or corrupt acts of omission.

In the present case, though the members of the school board are named individually, no semblance of an action is set out against them as individuals. Indeed, the plaintiff in his brief in this court makes it clear that he does not contend that he is entitled to recover of the members of the school board individually.

The plaintiff cites cases holding that mandamus is the proper remedy to compel a school board to perform a duty imposed by law, and still others in which it is held that it is permissible for the members of the school board in their official ca-

pacity to assert or defend title to property of the school board. In none of these cases is any money judgment prayed either against the school board or against any of its members in any capacity. None of the cases cited by the plaintiff is authority for a holding contrary to what is said here.

The petition did not set forth a cause of action, and the court did not err in sustaining the general demurrer.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*