23306. CARTER v. BOARD OF EDUCATION OF RICHMOND COUNTY et al.

ARGUED JANUARY 10, 1966—DECIDED FEBRUARY 10, 1966.

*John H. Ruffin, Jr.,* for appellant.
*Franklin H. Pierce,* for appellee.

GRICE, Justice. A controversy over the alleged policy of local school officials as to fees assessed pupils in the public schools produced the rulings sought to be reviewed.

The litigation began when Joyce Carter filed a petition in the Superior Court of Richmond County against the County Board of Education of Richmond County, the individuals comprising it, and the Superintendent of Schools of that county. She brought the action on behalf of herself and others as parents and citizens to enjoin the defendants from continuing their policy and practice of compulsory assessment and collection of fees "based upon the enrollment of their children" in the schools of Richmond

County. She alleges that such assessment and collection violates specified Georgia statutes and provisions of the Georgia and United States Constitutions.

The defendants, in their answer, denied the material allegations of the petition. Also, they asserted that the payments complained of were not fees but were payments for a service offered by the County Board in the purchase of consumable school supplies on behalf of the pupils; that the pupils and parents were not required to make these payments, but that they were entirely voluntary, as shown by attached copy of the County Board resolution setting up the plan complained of and by attached copy of a letter sent to all parents; that no policy or practice of compulsion or coercion was practiced with regard to such payments; and that the plaintiff had not appealed to the State Board of Education the adoption of such resolution by the County Board.

Upon the hearing for temporary injunction the evidence, which was in the form of affidavits, was in conflict as to whether the fees or payments complained of were compulsory, as the plaintiff alleged, or voluntary, as the defendants alleged. However, there was no evidence whatever that the plaintiff had pursued any other remedy prior to filing this suit.

The trial judge, in his order denying the prayer for temporary injunction, found that the payments for the supplies were voluntary, instead of compulsory, and that the plaintiff had not exhausted her legal remedies by appeal to the State Board of Education or by writ of certiorari to the superior court.

Enumerated as error, besides the denial of the temporary injunction, are rulings restricting the evidence to that of the plaintiff and her children, overruling her motion that the court hear oral evidence and add certain parties as plaintiffs, and admitting in evidence specified documents.

However, as we view this appeal, it is necessary only to rule upon the denial of the temporary injunction, since the plaintiff's failure to pursue and exhaust the remedy of *Code Ann.* § 32-910 is controlling. That Code section provides that "The county . . . board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference

to the construction or administration of the school law . . . and when such board has made a decision, it shall be binding on the parties: Provided however, either party shall have the right to appeal to the State Board of Education. . ."

The necessity of exhausting this remedy even where, as here, the County Board of Education is charged with a violation of law, was emphasized in *Bedingfield v. Parkerson*, 212 Ga. 654, 660 (94 SE2d 714). There this court (one Justice not participating) referred to earlier decisions and declared: "Such statements and rulings ['that decisions of the boards of education will not be interfered with by courts of equity unless they amount to a violation of law or are a gross abuse of discretion'] must be read and considered along with the rule of law then and now existing, that remedies at law, if adequate, must be exhausted before resort to equity will be allowed. [Citation.] When thus construed they mean simply that, when the remedy by appeal has failed to eliminate the law violation or gross abuse of discretion which is its equivalent . . . equity will grant relief or, as is permissible in all cases to prevent irreparable injury, or where equity alone can grant adequate relief, exhaustion of the statutory remedy of appeal is not a prerequisite to relief in equity. *Code* §§ 37-102, 37-120."

In passing on an amendment to the petition, the opinion pointed out: "This amendment is wholly silent as to why the petitioners failed to exhaust their statutory remedy of appeal to the State Board. It makes no attempt to show why the remedy at law would be inadequate. No reason is alleged to justify resort to equity rather than pursue the remedy provided by law; hence it does not allege a cause of action. . ."

What was said there as to the pleading applies with even greater force here as to the evidence at the hearing. That evidence showed no resort by the plaintiff to the county board, much less any appeal to the State Board of Education; nor did it show any reason why she did not resort to such remedy or that it would not have been adequate.

Since the plaintiff failed to exhaust her statutory remedy, a finding that she was not entitled to injunctive relief was demanded.

That finding being decisive, it is therefore not necessary to pass upon the other rulings enumerated as error.

*Judgment affirmed. All the Justices concur.*