### 42298.   J. J. BLACK & COMPANY v. CITY OF ATLANTA et al.

DEEN, Judge.   1.   The Board of Education of the City of Atlanta is not a legal entity and has been given no statutory authority to sue or be sued in its own name.   Where, therefore, it is a necessary party to an action, the only method of joining it as such is by suit against all of the individual members constituting the board.   *West v. Carroll,* 201 Ga. 473 (1a) (39 SE2d 872).   While it is "one of the regular boards of city government," it is comprised of elected officials separate from those carrying on the regular business of the municipality, and is by statute given exclusive authority for "purchase of school property, the erection of schoolhouses, the furnishing thereof, insuring the same and paying the premiums therefor, and to take such other steps as may be needed in the preservation and protection of all property in their charge."   Ga. L. 1918, pp. 533, 538.   By reason of this fact, and also by reason of the facts that the Board of Education of the City of Atlanta and the City of Atlanta were co-signatories as "owner" in a contract with a construction company to erect a schoolhouse, the fact that an action on a contract must be brought against the party or parties who made it (*Code* § 3-108) and the further requirement that where the parties are joint contractors the suit must be against all (*Dickenson v. Hawes,* 32 Ga. App. 173 (1). (122 SE 811); *Spiegel v. Hays,* 103 Ga. App. 293 (119 SE2d 123)), the City of Atlanta and the Board of Education are both necessary parties defendant to this action.

2.   The contract on which suit is brought was entered into in 1961. The petition, filed December 30, 1964, named as defendants the City of Atlanta and 8 individuals "in their official capacities as elected members of the Board of Education of the City of Atlanta, and plaintiff shows that said defendants were the duly elected members of the board of education at the time

of execution of the contract hereinafter referred to." We are morally fortified in construing this allegation against the pleader (as we must) by statements in the briefs of counsel clearly showing that the language used was intended correctly to convey the meaning that it has been attempted to bring the board of education into the case as a defendant, not by naming as parties the persons composing it at the time the suit was filed, but by merely naming individuals who were members at the time the contract was let and who no longer have any connection with the board of education or the defense of this action. Where it is sought to make a board of education a party to an action by naming its members in their official capacity as such, the petition is subject to general demurrer unless it specifies that the persons named "are the duly qualified and acting members of the board of education, or that they are suing [sued] in their official and representative capacity as such members." *Parker v. Bd. of Ed. of Sumter County*, 209 Ga. 5 (3) (70 SE2d 369). That the predecessors in office of the public officials serving as the board of education at the time it is called upon to defend this action and answer for any judgment entered against it are not necessary parties to such an action, see *Crow v. McCallum*, 215 Ga. 692 (1) (113 SE2d 203). Nor are they proper parties, for they have no part in determining any action the board may decide to take in defending the suit or otherwise carrying on its business. It was not the individuals concerned who assented to the contract with the plaintiff in the first instance, but the continuing organization known as a board of education, acting through those who comprised its membership at that time.

It follows that the petition was properly dismissed on general demurrer.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

Submitted September 13, 1966—Decided October 11, 1966.

*Westmoreland, Hall & Pentecost, Donald E. O'Brien,* for appellant.

*A. C. Latimer, J. Lee Perry,* for appellees.