25483. SURRENCY et al. v. DUBBERLY, Member of Wayne County Board of Education, et al.

FRANKUM, Justice. The plaintiffs, citizens and taxpayers of Wayne County, the appellants in this case, sought by an action of mandamus and injunction to prevent the members of the Wayne County Board of Education from permitting 74 nonresident students (that is students residing outside of Wayne County and in adjoining counties) from attending public schools in the Wayne County School District, and from expending Wayne County funds for the purpose of providing an education for such students. It appears that the county board acted under the provisions of *Code Ann.* § 32-650 which provides that the State Board of Education is authorized to provide by regulation a procedure whereby pupils shall, for such compelling reasons and circumstances as may be defined and specified by the State board, be permitted to attend and be included as enrolled pupils in average daily attendance in the public schools of such county and that the State board may provide a procedure whereby State funds may follow such pupils. Plaintiffs contended that the State funds which will be allocated to Wayne County for the 74 pupils involved will provide only a portion of the cost of educating those pupils for the school year 1969-70

and that the additional burden placed upon the taxpayers of Wayne County by reason of the attendance in the schools of Wayne County of such pupils constitutes an illegal burden upon the taxpayers of said county. The trial court dismissed the case as it related to mandamus and denied injunctive relief, and that judgment is the judgment appealed from.

"The county, city or other independent board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony if necessary, and when such board has made a decision, it shall be binding on the parties: Provided, however, either party shall have the right to appeal to the State Board of Education, which appeal shall be made through the local superintendent of schools in writing and shall distinctly set forth the question in dispute, the decision of the local board, a transcript of the testimony and other evidence adduced before the board certified as true and correct by the local superintendent and a concise statement of the reasons why the decision below is complained of. This section shall apply to all county, city, or independent school systems in this State, regardless of when created. The State Board shall provide by regulation for notice to the parties and hearing on the appeal. The appellant and the appellee shall be notified by the State Board of Education in writing as to said board's decision on any matter appealed to the board within 25 days of the date of the decision." *Code Ann.* § 32-910. It nowhere appears from the complaint or from the evidence adduced upon the hearing of this matter that the plaintiffs have availed themselves of the administrative remedy provided by the quoted Code section. The controversy here is a local controversy within the meaning of that term as used in this Code section, and the plaintiffs are not entitled to resort to the extraordinary legal remedy of mandamus or to have equitable relief in the absence of a showing that they have exhausted their administrative remedies or that the remedy provided by the aforesaid Code section will not afford them adequate relief so as to authorize the intervention of a court of equity. *Otwell v. West*, 220 Ga. 95 (137 SE2d 291); *Carter v. Board of Education of Richmond County*, 221 Ga. 775 (147 SE2d 315), and *Boatright v. Brown*,

222 Ga. 497 (2) (150 SE2d 680). It follows that the trial court did not err in rendering the judgment complained of. *Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 15, 1969—DECIDED NOVEMBER 12, 1969.

*Albert E. Butler,* for appellants.
*Alvin Leaphart,* for appellees.