27120. WALTON COUNTY BOARD OF EDUCATION v. ACADEMY OF SOCIAL CIRCLE et al.

UNDERCOFLER, Justice. In 1953 the Board of Education of Walton County and the Board of Trustees of the Academy of Social Circle, an independent city public school system, entered into a twenty-five-year contract for the education of certain students. It provided generally that the city board would enroll white students from a designated area of Walton County and the county board would enroll black students from Social Circle. Provisions were made in the contract for transportation and payment of the cost of education of these students. In July, 1968 the United States District Court for the Middle District of Georgia ordered the school boards to operate unitary school systems beginning with the 1968-69 school year. Graves v. Walton County Board of Education, 300 FSupp. 188. The decree stated that both the county and city boards of education by agreement had established an attendance Zone No. 5 which was to be administered by the city board.

This zone conformed generally to the area which had previously been administered by the city board under the 1953 contract. The Federal court order recites: "The county board and the city board have made an agreement which includes financing arrangements for Social

Circle Training School and Social Circle Public School to be operated by the city board. This was necessary by reason of the fact that the city board is under Georgia law a separate and independent system from the county board."

During the school year 1968-69 and 1969-70, as provided in the court order, the city board educated the children in Zone 5 which included all the children within the city limits of Social Circle and the county children in such zone outside the city limits. Monthly allotments of State funds under the Minimum Foundation Program of Education (Ga. L. 1964, p. 3) for all students in Walton County and Social Circle were paid to the county board and a portion thereof was paid over to the city board. At the end of each of these school years the two boards reached a financial settlement which was not based solely on the 1953 contract. In addition to the Minimum Foundation allotments the county board paid to the city board certain amounts received from local county taxes for education.

For the school year 1970-71 disagreement arose between the two boards. The city board claims that it has not been adequately compensated for the cost of educating the county students. During this period the county board paid to the city board from Minimum Foundation allotments the sum of $23,346.91 each month from September through April.

Because of the financial dispute between the boards of education, the Superintendent and the Members of the State Board of Education filed a complaint in the Superior Court of Walton County in the nature of interpleader against the two school boards' superintendents and members. The Minimum Foundation allotments for the months of May and June, 1971, were deposited into the registry of the court for proper allocation and distribution to the school systems.

The city board filed its answer and cross claim which, among other matters, showed that the provisions of the 1953 contract relating to the financial arrangements

were modified by the 1968 Federal court order requiring both school boards to operate unitary school systems; that it was educating certain county students under that order and that it is entitled to its portion of the Minimum Foundation allotments and certain local school taxes collected by the county; that the customary year-end financial settlements between the boards should be followed.

The county board filed a counterclaim in this action and contended that the 1953 contract between it and the city board violated the provisions of Art. VIII, Sec. V, Par. I of the Constitution of Georgia (*Code Ann.* § 2-6801) whereby the contractual powers of county boards of education are limited. It also contended that the State allotments should be distributed as provided in the Minimum Foundation Program of Education Act.

The county board also filed a motion to dismiss the cross claim of the city board contending that if it were required to pay out local school taxes to the city board, such Act would violate Art. VIII, Sec. V, Par. I of the Georgia Constitution and would violate the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution. The motion to dismiss the cross claim was overruled.

The Minimum Foundation allotments for the months of May and June which were originally interpleaded were distributed by agreement and are not in issue here.

After hearing evidence, the trial court entered judgments for the city board in the amounts of $26,500 for delinquent Minimum Foundation allotments and $22,500 on a quantum meruit basis.

Jurisdiction of this court obtains from a portion of the order which decrees that the equitable title to a certain school building be held by the city board. This issue will be dealt with hereinafter in the opinion. The trial court also adjudged the 1953 contract to be void. There is no appeal from this portion of the judgment.

The county board appeals to this court. *Held:*

1. The county board contends that the trial court erred in overruling its motion to dismiss the cross claim of the city board. It argues that the matters contained in the cross claim do not arise out of the transaction presented by the interpleader. This contention is without merit. *Code Ann.* § 81A-113 (g) provides: "A pleading may state as a cross claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject-matter of the original action. Such cross claim may include a claim that the party against whom it is asserted is or may be liable to the cross claimant for all or part of a claim asserted in the action against the cross claimant." Ga. L. 1966, pp. 609, 625.

2. The county board argues further that it was prohibited by law from contracting with the city board for the education of children residing within its jurisdiction because Art. VIII, Sec. V, Par. I of the Constitution of 1945 (*Code Ann.* § 2-6801) provides that each county, exclusive of any independent school system therein, composes one school district and the control and management of it is confided to a county board of education. See also *Code* § 32-901. There is no merit in this contention.

Art. VIII, Sec. IX, Par. II of the same Constitution (*Code Ann.* § 2-7202) provides that county boards of education and independent school systems may contract with each other for the education, transportation and care of pupils. *Snipes v. Anderson,* 179 Ga. 251 (175 SE 650); *Keever v. Board of Educ. of Gwinnett County,* 188 Ga. 299 (2) (3 SE2d 886); *Walker v. McKenzie,* 209 Ga. 653 (2) (74 SE2d 870).

3. The county board also contends that the trial court erred in ordering local county school taxes to be paid over to the city board. It argues that this action denied Walton County citizens and taxpayers the equal protection of the law because they have no voice in the administration of the independent school system of Social Circle.

In *Snipes v. Anderson,* 179 Ga. 251, supra, this court held that a contract between county school systems for the education of certain children, did not deprive the citizens of the local school district of school tax funds without due process of law nor deny impartial and complete protection to them and that none of their constitutional rights were thereby violated.

This contention is without merit.

4. The record shows that the county board and the city board agreed upon attendance Zone 5 and that the city board would educate Walton County students in that zone. It further appears that the two boards agreed upon the manner in which this arrangement would be financed. However, neither party can state specifically the financial arrangements. It appears that at the end of each school year, the boards mutually agreed upon a settlement. For the school year 1970-71 they could not agree.

Where, as here, there is an agreement between school boards for the education of certain students and the agreed cost is not shown, it is not error for the court to render judgment for the reasonable cost thereof. The fact that the Federal court took into consideration this agreement of the two boards in framing its order has no bearing on the issue here. The county board agreed that the city board should educate some of its students and that it would pay for this service. The city board now wants to be paid.

In our opinion the evidence was sufficient to authorize the judgment of $26,500 for settlement of the amount of Minimum Foundation allotments received by Walton County and not yet disbursed to the city board. The evidence was also sufficient to authorize the judgment of $22,500 on a quantum meruit basis to be paid by Walton County Board of Education to the city board.

5. The county board contends that the trial court erred in ordering the equitable title to the building known as Social Circle Elementary School to be vested in the Academy of Social Circle and that certain depreciation and

hazard reserve funds should be held in trust by the county board for the use, maintenance and repair of the building so long as the Federal court order is in effect.

The record shows that the title to this school building was deeded to the county board by the city board as a part of the 1953 contract entered into between them. By agreement of the parties the Federal court order of 1968 directed the city board to educate certain county school children and to use that school building. It was thereafter used by the city board in accordance with the agreement as incorporated in the Federal court order. The 1953 contract between the boards was declared void by the superior court and there is no exception to that judgment. The State of Georgia allocates certain funds for the maintenance of schools as depreciation and hazard reserve funds. The funds are paid to the Walton County Board of Education for this school because it holds the legal title. Since the county board does not operate and maintain this school building, it incurs no expenses for which these funds can be used. The school building is in need of repair and the county board has refused to use the allocated funds which it has received for this purpose.

Under these circumstances, the trial court did not err in its order.

6. For the reasons given in the foregoing opinion, the trial court did not err in rendering its judgment.

*Judgment affirmed. All the Justices concur.*
ARGUED APRIL 10, 1972—DECIDED MAY 3, 1972.

*Erwin, Epting, Gibson & Chilivis, Terrell W. Benton,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Alfred L. Evans, Jr., J. Lee Perry, Assistant Attorneys General, Barwick, Bentley & Binford, Thomas S. Bentley, Warren W. Wills, Jr.,* for appellees.