## 54629. KNIGHT v. TROUP COUNTY BOARD OF EDUCATION et al.

BANKE, Judge.

The appellant, Robert L. Knight d/b/a Georgia-Alabama Industrial Maintenance Company, brought suit for breach of contract against Troup County Board of Education: Otis Abernathy, as superintendent of Troup County Board of Education and individually; and six

board members, jointly and severally, in their capacity as members of the Troup County Board of Education. The appellees moved to dismiss. The trial judge treated their motion as a motion for summary judgment and, after hearing, granted summary judgment for the appellees. The appellant appeals this judgment.

1. The resolution of the General Assembly creating Troup County Board of Education did not endow the board of education with such rights and powers so as to remove the board from the general rule that ". . . [A] county board of education is not a political subdivision and not a body corporate liable to suit in the ordinary sense. . ." *Foster v. Cobb County Bd. of Ed.,* 133 Ga. App. 768, 769 (213 SE2d 38) (1975). See Ga. L. 1952, p. 510. Compare with *Morman v. Bd. of Ed. of Richmond County,* 218 Ga. 48 (1) (126 SE2d 217) (1962).

The fact that the school board, as a party to the alleged contract, is a necessary party to the suit does not remedy the appellant's failure to name the school district as a defendant. See *J. J. Black & Co. v. City of Atlanta,* 114 Ga. App. 457 (151 SE2d 824) (1966). Both the Troup County School District and the Board of Education are necessary parties defendant to this action. See *J. J. Black & Co. v. City of Atlanta,* supra; *Foster v. Cobb County Bd. of Ed.,* supra.

For these reasons the trial judge did not err in premising summary judgment for the appellee board of education on his finding that the Troup County Board of Education lacked corporate status and was therefore not subject to suit.

2. The trial judge also found that the board of education had not authorized the appellee, Otis Abernathy (either in his capacity as superintendent or individually), to enter into a contract with appellant. He also found that appellee Abernathy was not individually liable.

While we find that a jury question exists as to whether the board's resolution authorized Abernathy to enter into a contract with the appellant on its behalf, it was not error to enter a summary judgment for the appellee school board for the reasons stated in Division 1 of this opinion.

The trial court also did not err in finding that appellee Abernathy was not liable on appellant's claim in his official capacity. Code Ann. § 2-5305 states that the county superintendent is the executive officer of the county board of education. Code § 32-907 provides that he shall serve as the ex-officio secretary of the board. He has no authority to obligate the county board of education under a contract unless he has previously obtained authorization from the board. See *American Ins. Co. of Newark v. Seminole County Bd. of Ed.*, 51 Ga. App. 808 (2) (181 SE 783) (1935); *State Bd. of Ed. v. Elbert County Bd. of Ed.*, 112 Ga. App. 840 (2) (146 SE2d 344) (1965).

Membership on the county board is a public office (*Conley v. Brophy,* 207 Ga. 30 (3) (60 SE2d 122) (1950); Code § 32-1104), and board members cannot be sued in their official capacity for breach of contract made on behalf of or in the name of the board. See *Beckanstin v. Drake,* 89 Ga. App. 636 (80 SE2d 506) (1954). Assuming that Abernathy's actions were authorized by the board, he is immune from any individual liability on the contract. See Code Ann. § 4-407; *Wilson v. Strange,* 235 Ga. 156 (5) (219 SE2d 88) (1975); *Bowden v. Eubanks,* 57 Ga. App. 414 (195 SE 582) (1938).

The evidence introduced at the hearing on appellee's motion for summary judgment established that the appellant contracted with appellee Abernathy in his official position as school superintendent. However, since the question of authorization could not be decided on summary judgment, the trial judge erred in entering summary judgment for Abernathy in his individual capacity. "Every agent exceeding the scope of his authority shall be individually liable to the person with whom he deals." Code § 4-409. See generally *Duffee v. Jones,* 208 Ga. 639 (7) (68 SE2d 699) (1952); *Henderson v. Carter,* 229 Ga. 876 (3) (195 SE2d 4) (1972); Code § 69-208.

3. Appellant's contention is that an oral contract was formed between himself and appellee Otis Abernathy, acting either on behalf of the board or individually. The only evidence as to oral contract is the contradicting testimony of the appellant and appellee Abernathy. Thus, a question of fact exists which must be

resolved by the jury.

In summary, the judgment of the trial court is affirmed except with regard to the appellee Otis Abernathy in his individual capacity.

*Judgment affirmed in part and reversed in part. Bell, C. J., and Shulman, J., concur.*

SUBMITTED OCTOBER 11, 1977 — DECIDED JANUARY 4, 1978 — REHEARING DENIED JANUARY 30, 1978.

*Ken Gordon,* for appellant.

*Lewis, Hunnicutt, Taylor & Daniel, James R. Lewis, Jerry Willis,* for appellees.