## 54782. WEISS v. GUNTER.

BIRDSONG, Judge.
Weiss appeals the judgment on a contract rendered by the trial court in favor of Gunter. The facts show that Gunter entered into a contract with Weiss and one Yoder to remodel a beauty shop and that both Weiss and Yoder executed the contract on a joint basis. After the contract performance began but before completion, Weiss withdrew from the business. Gunter completed the work

and then sued Weiss individually for the value of the work performed pursuant to the contract. Gunter declined to sue Yoder. A default judgment was taken against Weiss but within the statutorily allowed time, Weiss opened the default and entered responsive defenses. The day before the bench trial was held, Weiss filed amended answers raising the failure of the plaintiff to implead an indispensable party defendant, the failure to pay intangible taxes, and other defenses, as well as a counterclaim. A copy of these pleadings was served upon the plaintiff the day before the hearing and was filed with the court on the same day but before the hearing began. The trial court granted Gunter's oral motion to dismiss the amended answers filed by Weiss, apparently on the ground that the amended answer was not timely filed in relation to the trial of the case. Weiss enumerates as error the grant of the oral motion to dismiss his amended answers, with the resultant refusal to consider the legal defenses involved in those answers. *Held:*

We reverse. We observe initially that there was no pre-trial order issued in this case. In such circumstances, the provisions of the Civil Practice Act § 15 (Code Ann. § 81A-115) unequivocally provide that a party may amend his pleadings as a *matter of course and without leave of court at any time* before the entry of a pre-trial order. The amended answers of appellant in this case were not subject to dismissal by the trial court upon the basis of untimeliness.

We are not unmindful of the provisions of law that a judgment of a trial court, if correct for any reason, will be affirmed. *Hill v. Willis*, 224 Ga. 263, 267 (161 SE2d 281); *Cannon v. Macon Fire &c. Pension Bd.*, 137 Ga. App. 803, 804 (224 SE2d 851). Appellant concedes that the trial court properly dismissed his counterclaim, therefore that issue is no longer before us. However, the question of joinder of indispensable parties raised in the defensive answers, as amended, was never addressed by the court. Gunter argues that it is within the discretion of the trial court to allow the joinder of additional parties defendant and cites authority in support of his position. *Robinson v. Bomar*, 122 Ga. App. 564 (2) (177 SE2d 815). Manifestly, this requires that the court exercise its discretion. In this

case, Ms. Yoder was a necessary party. See *J. J. Black & Co. v. City of Atlanta,* 114 Ga. App. 457 (1) (151 SE2d 824); *Dickenson v. Hawes,* 32 Ga. App. 173 (1) (122 SE 811). The trial court in this case apparently dismissed the amended defenses upon the basis of untimeliness of filing rather than declining to add Ms. Yoder as a party defendant in a legitimate exercise of discretion. Although appellee argues that a motion to add Yoder as a party defendant was never made, considering the notice pleading rules under which Georgia courts operate, the trial court was clearly aware that Weiss protested the absence of Yoder and required either her addition as a defendant or a dismissal of the complaint. *Bourn v. Herring,* 225 Ga. 67, 70 (166 SE2d 89); *Hunter v. A-1 Bonding Service,* 118 Ga. App. 498 (164 SE2d 246). Where it is shown that a particular ruling of the trial court, ordinarily within that court's sound discretion, was based upon an erroneous view of the law which would preclude the exercise of discretion, a new trial results. *Unnever v. Stephens,* 142 Ga. App. 787, 789 (236 SE2d 886).

Similarly, the trial court did not consider any of the other defenses offered in the amended defensive pleadings. Inasmuch as the appellant was not able to assert these defenses or offer evidence in support thereof, we are unable to ascertain if there is merit in the remaining enumerations of error.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

Submitted November 2, 1977 — Decided January 11, 1978.

*Paul C. Myers, Robert L. Herman,* for appellant.
*Claude Hambrick,* for appellee.